UNITED STATES of America, Petitioner-Plaintiff,

v.

1,108 ACRES OF LAND, MORE OR LESS, IN the TOWNS OF RIVERHEAD AND BROOKHAVEN, COUNTY OF SUFFOLK, STATE OF NEW YORK, and Charles Botto, unknown owners, et al., Defendants.

C.P. No. 114.

United States District Court
E. D. New York.
March 11, 1960.

Harry T. Dolan, Brookyn, N. Y., Sp. Asst. to the Atty. Gen., for the United States.

George Schweyer, Jr., Port Jefferson Station, N. Y., for defendant Donald Schmidt.

BYERS, District Judge.

This is a plaintiff's motion to strike the Answer filed December 30, 1959 by Donald Schmidt, the owner of Damage Parcel 228, as (a) untimely filed, and (b) pleading matters insufficient as a matter of law to constitute a proper defense.

This condemnation proceeding was instituted November 10, 1959 when a Declaration of Taking was filed. There was also then deposited in the Registry of this court the sum of $763,355 as estimated compensation to all owners of the property involved.

On November 28, 1959 the said defendant was duly served with a Notice of Condemnation. That fact is not contested.

The notice is addressed to sundry persons who are named, among them being the defendant Donald Schmidt. It is quite explicit in stating that a complaint in condemnation has been filed for the purpose of taking title to land aggregating 1,108 acres in the towns of Riverhead and Brookhaven, more particularly described in an exhibit attached "and in which you may have or claim an interest."

Further, that "the estate is to be acquired for the public use in connection with the Naval Industrial Aircraft Plant, Calverton, Long Island, New York, and the Assistant Secretary of the Navy has requested that an order of court be procured granting to the United States possession of said property immediately upon filing of the complaint in condemnation." Reference is made to the statutes which confer the authority for the taking.

The notice also states:

"You are further notified that if you desire to present any objection or defense to the taking of the estate herein in your property you are required to serve your answer on the plaintiff's attorney at the address herein designated (such is set forth at the foot of the notice) within twenty days after personal service of this notice upon you, exclusive of the day of service."

This means that November 29th was the first of the said twenty days, and December 19th was the last.

The notice further recites:

"Your answer shall identify the property in which you claim to have an interest, state the nature and extent of the interest you claim and state all your objections and defenses to the taking. A failure so to serve an answer shall constitute a consent to the taking and to the authority of the court to proceed to hear the action and to fix the just

compensation and shall constitute a waiver of all defenses and objections not so presented.

"You are further notified that if you have no objection or defense to the taking you may serve upon plaintiff's attorney a notice of appearance designating the property in which you claim to be interested and thereafter you shall receive notice of all proceedings affecting said property."

An Answer was filed in the Office of the Clerk of the court, on December 30, 1959, eleven days after the last day specified in the notice.

On December 9th this defendant's attorney sent a notice of appearance to plaintiff's attorney and requested a copy of the complaint. That request was complied with and the copy was received by mail on December 14th, or five days prior to the last day for serving an answer. Such a pleading was verified by the said defendant on December 11th (eight days before the expiration of the said twenty day period) but was not served or filed until the 30th, as above stated.

Condemnation proceedings are regulated by Rule 71A Fed.Rules Civ.Proc. and subd. (d), 28 U.S.C.A. headed "Process" provides for such a notice as has been described above; this notice is in literal compliance therewith. Subd. (e) has to do with Appearance and Answer. The first applies where there is no objection or defense. The latter covers other cases, as to which the rule states:

"If a defendant has any objection or defense to the taking of his property, he shall serve his answer within 20 days after the service of notice upon him. The answer shall identify the property in which he claims to have an interest, state the nature and extent of the interest claimed, and state all his objections and defenses to the taking of his property. A defendant waives all defenses and objections not so presented, but at the trial of the issue of just compensation whether or not he has previously appeared or answered, he may present evidence as to the amount of the compensation to be paid for his property, and he may share in the distribution and award. No other pleading or motion asserting any additional defense or objection shall be allowed."

█ It is apparent that this defendant is in default for failure to timely file his Answer. The notice of appearance which was served was probably the ordinary one in civil cases, not the special form of appearance referred to in these rules. The sending of a copy of the complaint to defendant's attorney which he received on December 14th did not enlarge the time for the filing of an answer as stated in the quoted rule.

Since the latter pleading as filed and served on December 30th was verified on December 11th, it is obvious that it could have been served within the ensuing seven days or by December 18th. This means that the defendant is in default, and it is necessary to turn to Rule 60 (applicable under Rule 71A(a)) to decide whether he should be relieved therefrom.

Subd. (b) enumerates the grounds upon which such an application can be supported. Clearly clauses (1) "mistake, inadvertence, surprise, or excusable neglect," and (6) "any other reason justifying relief, etc." are the only ones to be consulted.

In view of the facts heretofore stated, it must be clear that there was neglect, but it seems to have been more calculated than excusable. There could have been no mistake, for the language of the notice admits of none.

█ Unless this court can be made to see that the defendant will suffer a clear injustice unless the default is in effect vacated, no remedial intervention should be had. This directs attention to the second aspect of the motion.

The defense sought to be stricken is to the effect that defendant's property is

not necessary to the public use; that it is sought to be acquired largely for private commercial airlines and not for any use connected with the Government or the public; that any Departmental determination of public necessity is arbitrary, capricious, unwarranted and unlawful, etc.

By challenging the legal sufficiency of the Answer, namely that the foregoing do not constitute a proper defense, the plaintiff seems to assert that a defendant may not be heard to contend that the determination of the Assistant Secretary is arbitrary and capricious.

The applicable rule has been variously stated:

United States v. Meyer, 7 Cir., 113 F. 2d 387, at page 392.

> " * * * But the power to decide whether such a title (fee simple) was needed is, by the legislation, conferred upon the Secretary and, in the absence of bad faith or abuse of discretion, such a determination is not subject to judicial review." (Citing cases.)

United States v. State of New York, 2 Cir., 160 F.2d 479, at page 480.

> "Other cases, while sustaining administrative action, have recognized some power to review abuses of administrative discretion phrased in terms of action in 'bad faith' or 'capriciously' or 'arbitrarily'." (Citing cases.)

In this case some evidence had been taken, but the nature of the pleading filed by the State is not revealed. In the dissenting opinion of Judge Learned Hand, the following occurs:

> "I should not indeed decide either way upon this record; but it does seem to me that the evidence should be developed at a trial, at which the court can learn what is at stake. We are disposing of it summarily, and, although summary disposition has of course its place, it is most important that we should keep it in that place."

The most recent statement by the Supreme Court in a case not arising under the statute here involved, but treating of an analogous contention in a condemnation cause (Berman v. Parker, 348 U.S. 26, at page 32, 75 S.Ct. 98, at page 102, 99 L.Ed. 27) employs this language:

> "The role of the judiciary in determining whether that power (eminent domain) is being exercised for a public purpose is an extremely narrow one. See Old Dominion Land Co. v. United States, 269 U.S. 55, 66, 46 S.Ct. 39, 70 L.Ed. 162; United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 552, 66 S.Ct. 715, 718, 90 L.Ed. 843."

An earlier case involving a cognate issue is United States v. Carmack, 329 U.S. 230, at page 243, 67 S.Ct. 252, at page 258, 91 L.Ed. 209, which contains the following expression:

> "In this case, it is unnecessary to determine whether or not this selection could have been set aside by the courts as unauthorized by Congress if the designated officials had acted in bad faith or so 'capriciously and arbitrarily' that their action was without adequate determining principle or was unreasoned. The record presents no such issue here."

These cases are consistent only with a recognition that an administrative determination concerning public use is not completely insulated from judicial inquiry concerning arbitrary or capricious conduct, or bad faith. Such would seem to be the clear necessity in "a government of laws and not of men."

Obviously the courts recognize that such a possibility is remote at best, but to guard against it, the restricted jurisdiction of the courts is recognized. It follows that the presence of such jurisdiction justifies a pleading sufficient to invoke it. To reason otherwise would be to assert that an affected property owner may have such a restricted right, but may not plead it.

That is a position that this court is unwilling to adopt. So much of the mo-

tion is denied; in other words, the Answer will not be stricken for insufficiency as a matter of law.

In the practical sense it cannot be seen that this defendant's default above discussed, has robbed him of any substantial right, for a trial of the issue which he tenders could only be expected to develop conflicting testimony, pro and con, as to the question of public use and necessity; opposing opinions on this subject, in the absence of a showing of bad faith or arbitrary or capricious departmental action, would confront the court with the necessity of deferring to the administrative action. There is nothing to suggest the presence of that against which the courts may guard, in the Answer as filed. The decision of this motion to sustain the Government's position that the defendant Schmidt is in default is not seen to involve circumstances which in justice to him, should relieve him therefrom, under Rule 60, Subd. (b) (6).

Motion granted as indicated. Settle order on four days' notice, within ten days from the filing hereof.