**UNITED STATES of America, Plaintiff,**

v.

**4.724 ACRES OF LAND, MORE OR LESS, IN PLAQUEMINES PARISH, STATE OF LOUISIANA, and Hero Lands Company, Inc., et al., Defendants.**

**No. 9025.**

United States District Court
E. D. Louisiana,
Division at New Orleans.
Oct. 30, 1962.

---

Norton L. Wisdom, Sp. Asst. to U. S. Atty., New Orleans, La., for the United States.

Deutsch, Kerrigan & Stiles, Ralph L. Kaskell, Jr., New Orleans, La., for Hero Lands Co., Inc.

AINSWORTH, District Judge.

This is a land condemnation suit by the United States of America for the taking of property under the power of eminent domain and for the ascertainment and award of just compensation to the owners thereof.[1] This 4.724 acres of land lies within the Canal right-of-way for the Algiers Lock Canal near New Orleans, Louisiana. Although the Govern-

ment previously acquired a perpetual easement on this land for Canal right-of-way purposes[2] and also condemned the fee simple title to lands adjacent to this Canal right-of-way,[3] the fee simple title in this 4.724 acres has not been acquired by the Government.

Two preliminary matters are presented here by motions.

*First:* The Government's motion to strike the defenses of the defendant on the ground that they were filed more than 20 days after service of notice of the condemnation proceeding upon the defendant and the defendant's countermotion for enlargement of time under F.R. Civ.P. Rule 6(b).

The defendant contends that it has shown sufficient cause under Rule 6(b) to allow this court to exercise its discretion in favor of enlargement; however, Rule 71A(e) is controlling here and the court is not allowed to grant enlargement of time for answering. Of course, the defendant may " * * * present evidence as to the amount of the compensation to be paid for his property, and he may share in the distribution of the award," even though he failed to answer. Rule 71A(e), Fed.R.Civ.P.

Therefore, the motion of the Government to strike the defenses of the defendant is granted, and the motion of defendant for enlargement of time is denied.

*Second:* The motion of the defendant for an order pursuant to Rule 34 directing the Government to:

1. Produce and permit the inspection, copying or photographing of all.
   (a) appraisal reports,
   (b) lists of comparable sales,
   (c) maps,

1. The authority for the taking is the Act of Congress approved August 1, 1888 (25 Stat. 357, 40 U.S.C. § 257); the Act of Congress of August 28, 1958 (Public Law 85–852), 72 Stat. 1096; and the Declaration of Taking Act (46 Stat. 1421, 40 U.S.C. § 258a).

2. United States v. 1000 Acres of Land, More or Less, in Plaquemines Parish, Louisiana, and I. D. Zander et al., E.D. La., 162 F.Supp. 219.

3. United States v. 4741 Acres of Land, More or Less, in Plaquemines Parish, Louisiana, and Hodge-Hunt Realty Co. et al. Civil Action No. 4654, E.D.La.

(d) diagrams and other appraisal data concerning the land herein, and

(e) the complete report of J. Burrows Johnson, including the comparable sales and other appraising data upon which he relied.

2. Permit the defendant to enter upon the land in question, and abutting lands for the purpose of inspecting, measuring, surveying and photographing the property in question.

The Government has agreed to allow the defendant to enter upon the land in question for the purpose of inspecting, measuring, surveying and photographing. Also, the Government has filed in the registry of the court, attached to a note of evidence, all the acts of sale, photographs, documents or other factual data which may be introduced in evidence at the trial. The only matter at issue is the report of the now deceased J. Burrows Johnson, and that of another expert who will testify for the United States as to the value of the condemned property.

■ The general rule is that discovery of opinionative material will not be granted unless special circumstances require it.[4] No special circumstances requiring discovery have been shown here. The sole issue in a condemnation proceeding is the determination of "just compensation" of the property apportioned to a public use. United States v. 900.57 Acres of Land, W.D.Ark., 1962, 30 F.R.D. 512, 518;[5] therefore, "good cause" is not shown upon the contention that the production of the appraisal reports "will narrow the issues at the trial."

The motion of defendant for production of the reports of the Government's experts is denied.

**4.** See United States v. Certain Parcels of Land in the City and County of San Francisco, State of California, N.D.Cal., S.D., 1959, 25 F.R.D. 192; 4 Moore, Federal Practice, ¶ 26.24, at 1152 and specifically footnote 5 for case citations, and Supp.1961, p. 81.

**5.** This case also is authority for the holding that condemnees are not entitled to obtain in advance of the trial the opinion of condemnor's expert appraisers as to value of the land nor are the condemnees allowed to see and copy the appraisal reports when the only issue is "just compensation."