**UNITED STATES of America,**
**Plaintiff,**

v.

**R. B. RANDS and Josephine Rands, Husband and Wife, Defendants.**

**Civ. No. 63-380.**

United States District Court
D. Oregon.

Oct. 16, 1963.

5. Note 3 supra.

6. United States v. Atlantic Coast Line R. Co., D.C.S.D.Fla., 68 F.Supp. 941.

7. San Pedro, L. A. & S. L. R. Co. v. United States, supra note 3.

mission to file an answer setting up a defense challenging the right of the United States to condemn defendants' property.

The record discloses that defendants were served with complaint in this cause on August 13, 1963. A declaration of taking [1] was filed herein on August 13, 1963. On September 3, 1963, the Rands filed a petition for an 80% distribution of the amount of just compensation placed on deposit and on the same day filed a notice of appearance, which did not in any way indicate that a question would later be raised as to the right to condemn.

The motion was not filed within the twenty day period mentioned in Rule 71A (e). The plaintiff relied on the appearance filed by said defendants and, thereafter, and before the filing of the motion, conveyed a portion of the property, the title to which was acquired by the declaration, to the State of Oregon.

It is my opinion that Rule 71A .(e) requiring landowners to present all defenses or objections to the taking within twenty days from the date of service of process, is absolute and that the Court, on that particular feature, has no jurisdiction to extend time in which to raise such defenses.

Significant is the fact that the language of the rule with reference to the service of the notice of appearance is permissive " * * * *he may serve* a notice of appearance * * * ", while the language with reference to the service of an answer, in raising a defense, is mandatory, " * * * if a defendant has any objection or defense to the taking of his property, *he shall serve his answer* within twenty days * * * ". Manifestly, the Congress by using different terminology must have intended a different result.

The use of the word "shall" in the statute, although not entirely controlling, is of significant importance, and, indicates an intention that the stat-

Sidney I. Lezak, Acting U. S. Atty., and Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for plaintiff.

David P. Templeton, of Dusenbery, Martin, Beatty & Parks, Portland, Or., for defendants.

KILKENNY, District Judge.

This is a condemnation proceeding. The cause is before the Court on the motion of the defendants Rands, for per-

[1]. 40 U.S.C. § 258a.

ute should be construed as mandatory. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; West Wisconsin Railway Co. v. Foley, 94 U.S. 100, 24 L. Ed. 71; Pittman Construction Co., Inc. v. Housing Authority of Opelousas, D.C., 167 F.Supp. 517, affirmed 5 Cir., 264 F.2d 695. Recognizing, as I do, that the word "shall" should be construed permissively as meaning "may" where the Congress so intended, Ballou v. Kemp, 68 App. D.C. 7, 92 F.2d 556, I find nothing in the language before me which would indicate such an intention.

The language employed in connection with requiring a defendant to raise his defense within twenty days, from service, is similar to, if not identical with, the language used in Rule 59 (b) with reference to the time limit within which to file a motion for a new trial. "* * * A motion for a new trial *shall be served* not later than 10 days after the entry of the judgment. * * *" In construing this subdivision of Rule 59, the Courts have uniformly held that the language is mandatory and that a Judge has no power or authority to act after the time has expired. Hulson et al. v. Atchison, Topeka and Santa Fe Railway Co., D.C., 27 F.R.D. 280, 289 F.2d 726 (7 Cir. 1961), cert. den. 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36.

It is my belief that neither Rule 6(b) nor Rule 60(b), apply to this particular problem. Assuming, however, that such rules apply, United States v. 1108 Acres of Land, etc., D.C., 25 F.R.D. 205, I find that the showing made in support of this motion is insufficient to grant defendants relief under such rules. Furthermore, if I have discretion, I would exercise that discretion against the allowance of the motion for the reason that the defendants made no attempt to raise the question until after a substantial portion of the property had been transferred to the State of Oregon.

The language of the rule is clear and concise. The progress of events in this case demonstrates the absolute necessity of adhering to the specific requirement that these defenses be raised within the twenty day period. Otherwise, the Government would be led into believing that no such defenses would be presented and, as often occurs, make some disposition of a part, which it believes to be in excess, to some other Governmental agency.

The motion should be denied.

It is so ordered.