UNITED STATES of America,
Plaintiff,

v.

687.30 ACRES OF LAND, MORE OR LESS, situate IN DAKOTA AND THURSTON COUNTIES, STATE OF NEBRASKA, and Winnebago Tribe of Nebraska, et al., Defendants.

Civ. No. 03498.

United States District Court,
D. Nebraska.

Oct. 23, 1970.

William J. Tighe, Asst. U. S. Atty., D. Neb., for plaintiff.

Winnebago Tribe of Nebraska, Frederick Cassman, Omaha, Neb., and Daniel M. Rosenfelt, Escondido, Cal., for defendants.

## MEMORANDUM

RICHARD E. ROBINSON, Chief Judge.

This matter comes before the Court on defendant's motion for summary judgment and preliminary injunction [Filing # 28], and plaintiff's motion to strike paragraphs 1 through 2, ·inclusive of the defendant's answer, or in the alternative, for an Order granting summary judgment in its favor against the defendant. [Filing # 32].

Briefs have been submitted and oral arguments received. The case was tak-en under submission and the Court is now ready to render its decision.

The Department of Justice, acting at the request of the · Secretary of the Army, commenced this proceeding to condemn 687.30 acres of land, more or less, situated in Dakota and Thurston Counties, Nebraska, for use in connection with the operation and maintenance of the Oxbow Recreation Lakes, Snyder-Winnebago Complex. Included in this 687.30 acres of land, more or less, was a portion of the Winnebago Reservation belonging to the Winnebago Tribe of Nebraska, defendant herein.

A Declaration of Taking was filed March 24, 1970, and estimated compensation simultaneously deposited in the Registry of this Court, vesting title and possession to the land in the United States òf America.

On August 4, 1970, the defendant filed a motion for summary judgment and preliminary injunction, together with affidavits of officials of the Winnebago Indian Tribe. Defendant's main contentions are that by formal treaty of March 8, 1865 the United States agreed to hold certain land along the Missouri River in the State of Nebraska in trust for the Winnebago Indians "forever," and that while Congress does have the power to abrogate the Treaty it must specifically authorize such abrogation, and that that has not been done. Also the Tribe contends that the taking constitutes a deprival of property without due process of law under the Fifth Amendment and that the Army Corps of Engineers failed to follow its own mandatory regulations.

The government opposes defendant's [Winnebago Tribe] motion for summary judgment and preliminary injunction with a motion to strike. The government argues that the defendant Indian Tribe may not maintain its motion because its answer was not filed within twenty [20] days after the service of plaintiff's complaint as is required by Rule 71A[e] of the Federal Rules of Civil Procedure which reads as follows:

"[e] Appearance or Answer. If a defendant has no objection or defense to the taking of his property, he may serve a notice of appearance designating the property in which he claims to be interested. Thereafter he shall receive notice of all proceedings affecting it. If a defendant has any objection or defense to the taking of his property, he shall serve his answer within 20 days after the service of notice upon him. The answer shall identify the property in which he claims to have an interest, state the nature and extent of the interest claimed, and state all his objections and defenses to the taking of his property. A defendant waives all defenses and objections not so presented, but at the trial of the issue of just compensation, whether or not he has previously appeared or answered, he may present evidence as to the amount of the compensation to be paid for his property, and he may share in the distribution of the award. No other pleading or motion asserting any additional defense or objection shall be allowed."

In regard to the government's contention, it should be noted, that the Tribal Chairman of the Winnebago Tribe was served with the complaint and notice of this action on April 4, 1970. Assistance in obtaining representation was immediately requested from the United States Attorney whom Congress has charged with the following responsibility:

"In all States and Territories where there are reservations on alloted Indians the United States Attorney shall represent them in all suits at law and equity."

The United States Attorney's office declined to assist because it was representing the Corps of Engineers, but the Tribe was apparently given an oral extension of time to locate private counsel.

On May 11, 1970, a formal stipulation and joint application for extension of time to answer was presented to this Court by the Assistant United States Attorney and temporary counsel for the Tribe in which the duty of the United States Attorney is acknowledged, his conflict of interest recited and the need of the defendant for additional time to obtain permanent counsel asserted.

This Court, acting upon the stipulation and joint application, issued its Order granting an extension of time until June 15, 1970.

By June 15, 1970, the Winnebagos had submitted a proposed attorneys' contract to the government pursuant to 25 U.S.C. § 81. The contract was with the Omaha firm of Abrahams, Kaslow and Cassman. However, the contract was not yet approved on that date and this Court entered another Order granting an additional extension of time for answer until July, 1970.

On July 15, 1970, the defendant, Winnebago Tribe, duly filed and served its answer.

On July 31, 1970, defendant filed what it labeled a first amended answer and cross-petition setting forth additional grounds of defense.

On August 14, 1970, defendant filed its motion for summary judgment and preliminary injunction, with affidavits.

On September 4, 1970, oral arguments were heard on defendant's motion for summary judgment and preliminary injunction.

The government filed its motion to strike defendant's answer and alternative motion for summary judgment on September 21, 1970.

Defendant contends that on the basis of the foregoing its answer was timely filed.

■■ This Court first of all finds, on its own motion, that defendant's so-called first amended answer and cross-petition, which is in effect a supplemental answer and counterclaim, should be stricken. Rule 71A[e] provides that all objections or defenses to the taking must be asserted in the answer, no other pleading or motion is allowed, and objections on defenses not stated in such answer are waived. The rule is mandatory

in form and does not permit the filing of a supplemental pleading. United States v. Avigation Easement Over 40 Acres of Land, More or Less, Anchorage, Territory of Alaska, 16 Alaska 228, 140 F.Supp. 289 [1956]. See also, the Advisory Committee's note to subdivision [e] of Rule 71A. Thus, even assuming arguendo that defendant's original answer was timely filed it could not file a supplemental answer, but must. rely on the objections and defenses set out in the first. Rule 71A[e] is quite clear in this regard. The only instance in which a defendant may file an additional or supplemental answer, is where the government files an amended complaint pursuant to Rule 71A[f]. That was not done here and defendant's supplemental answer, must therefore be stricken.

█ In like manner, this Court also finds that defendant's motion for summary judgment and preliminary injunction must be stricken. The Ninth Circuit Court of Appeals in Maun v. United States, 347 F.2d 970 [9th Cir. 1965], held that it was not error where the district court had ordered stricken defendant's motions to dismiss and for summary judgment. That court concluded:

"* * * Under Rule 71A[e], Federal Rules of Civil Procedure, the only response which a defendant may make to a complaint in condemnation filed in a district court is an answer. * * * " 347 F.2d at 973.

This Court must now determine whether or not defendant's answer was timely filed, and whether or not it was proper for this Court to grant several extensions of time for the filing of such answer.

Whether or not a district court has discretion under Rule 71A[e], is an open question. The government in its brief refers to the case of United States v. Rands, 224 F.Supp. 305. [D.C.Or.1963], wherein it was said, as follows:

"It is my opinion that Rule 71A[e] requiring landowners to present all defenses or objections to the taking within twenty days from the date of service of process, is absolute and that the Court, on that particular feature, has no jurisdiction to extend time in which to raise such defenses." 224 F.Supp. at 306.

The Ninth Circuit Court of Appeals reversed in Rands v. United States, 367 F.2d 186 [9th Cir. 1966], on the issue of just compensation, but left open the question as to whether or not a district court has discretion under Rule 71A[e] to extend time within which to answer.

The United States Supreme Court reversed the Ninth Circuit on the issue of just compensation and reinstated the judgment of the District Court in United States v. Rands, 389 U.S. 121, 88 S.Ct. 265, 19 L.Ed.2d 329 [1967]. However, the question of a trial court's discretion to extend answer time under Rule 71A[e] was not discussed.

In Atlantic Seaboard Corporation v. Van Staerkenburg, 318 F.2d 455 [4th Cir. 1963], the Fourth Circuit Court of Appeals, in an opinion written by Judge Haynsworth, found that a district court "had the discretionary authority to grant the defendants the right to file an answer", within a certain time beyond the twenty day period set out in Rule 71A[e].

██ This Court agrees with Judge Haynsworth's conclusion that a district court does have discretion under Rule 71A[e] to grant an extension of answer time, and finds that this was a particularly proper case for such an extension of time. Here, to follow the government's line of argument would in effect allow it to profit by its own laches, which would be against any notion of equity and justice. The United States Attorney in this case was placed in the uncomfortable position of representing both the plaintiff and defendant in a condemnation action. This Court feels he proceeded properly in this action by first granting an oral extension to the Indians, and then coming to this Court to have orders entered extending the answer time, until the Indians could find

**132**

competent counsel. However, the United States Attorney cannot now assert that these answers were not timely or that this Court lacked discretion to extend the answer time. He is estopped.

This Court must now decide whether or not defendant's original answer should be stricken or in the alternative whether or not the government should be granted a summary judgment in its favor.

Plaintiff has moved that paragraphs 1 through 2, inclusive, of defendant's answer, should be stricken. Those paragraphs read as follows:

"1. The Winnebago Tribe of Nebraska is a Federal corporation by virtue of a charter granted by the Secretary of the Interior on July 18, 1936 and is the sovereign owner of the territory embraced in the Winnebago Reservation in Nebraska, as the same is described by the Treaty of March 8, 1865 [14 Stat. 671] and all additions and accretions thereto.

"2. This defendant holds title in fee simple to the several parcels of real estate situated in Thurston County, Nebraska, and more particularly described in plaintiff's Complaint as Tract A, Parcel 1 and Tracts 113 and 114."

Rule 12[f] of the Federal Rules of Civil Procedure, provides that a court may, "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This Court is of the opinion that the challenged paragraphs of defendant's answer do not come within the purview of Rule 12[f] and, therefore, plaintiff's motion pursuant to that rule is without merit.

This Court must now decide whether or not the government is entitled to a summary judgment as a matter of law. The facts not being in dispute this is a proper case for disposition by summary judgment under Rule 56.

Eminent domain is an attribute of the sovereign power of the United

States, and is limited only by the just compensation clause of the Fifth Amendment. Albert Hanson Lumber Co. v. United States, 261 U.S. 581, 587, 43 S. Ct. 442, 67 L.Ed. 809 [1923]; Cherokee Nation v. Southern Kansas Ry. Co., 135 U.S. 641, 656–657, 10 S.Ct. 965, 34 L.Ed. 295 [1890]. Defendants herein contend, however, that these Indian Tribal lands are not ordinary lands, but are lands held in trust by the United States for the Winnebago Indian Nation by virtue of a Treaty between the United States and the Winnebago's dated March 8, 1965, and ratified by the Congress in 1866. 14 Stat. 671, 2 Kapp. 874.

Defendants argue that although Indian Treaty land may be condemned pursuant to eminent domain power, it requires a special Act of Congress abrogating the Treaty insofar as it relates to the particular land in question, before such condemnation can be carried out. Such a conclusion would not necessarily place an additional limitation on the power of eminent domain but would only prescribe a certain mode of procedure when Indian lands are involved.

However, the case law seems to be contrary to defendant's contention.

In Cherokee Nation v. Southern Kansas Railway Company, 135 U.S. 641, 10 S.Ct. 965, 34 L.Ed. 295 [1890], the United States Supreme Court held that an Indian Nation is not sovereign in the sense that the United States or a State is sovereign, but is a dependent political community, subject to the paramount authority of the United States. The Court further held that the United States may exercise the right of eminent domain in respect to lands in the Territories, or in any of the States, for purposes necessary to the execution of the powers belonging to the General Government, such an exercise being essential to "the independent existence and perpetuity of the United States." The court said as follows:

" * * * The lands in the Cherokee territory, like the lands held by private owners everywhere within the

geographical limits of the United States, are held subject to the authority of the general government to take them for such objects or are germane to the execution of the powers granted to it, provided only, that they are not taken without just compensation being made to the owner." 135 U.S. at 657, 10 S.Ct. at 971.

In Choate v. Trapp, 224 U.S. 665, 32 S.Ct. 565, 56 L.Ed. 941 [1912], the United States Supreme Court stated:

"There are many cases, * * *, recognizing that the plenary power of Congress over the Indian Tribes and tribal property cannot be limited by treaties so as to prevent repeal or amendment by a later statute. The Tribes have been regarded as dependent nations, and treaties with them have been looked upon not as contracts, but as public laws which could be abrogated at the will of the United States."

It was said in Federal Power Commission v. Tuscarora Indian Nation, 362 U.S. 99, 80 S.Ct. 543, 4 L.Ed.2d 584 [1960] as follows:

" * * * [I]t is now well settled by many decisions of this Court that a general statute in terms applying to all persons includes Indians and their property interests."

In Seneca Nation of Indians v. United States, 338 F.2d 55 [2d Cir. 1964], cert. den., 380 U.S. 952, 85 S.Ct. 1084, 13 L.Ed.2d 969, it was said by Judge [Now Mr. Justice] Marshall, as follows:

" * * * Congress need not itself specifically and expressly authorize by 'special enactment' each particular taking of Indian land, but can choose to delegate some of its authority to administrative offices and agencies." 338 F.2d at 56–57.

■ The condemnation of Indian land in the present case is unquestionably a part of the multiple-purpose project for the improvement and use of the Missouri River between Sioux City, Iowa, and the mouth of the river. This project is a part of the comprehensive plan adopted by Congress for flood control, navigation, irrigation, power development, recreation, and the fullest possible development and utilization of the water resources within the Missouri river basin. See, Act of June 28, 1938, 52 Stat. 1215; Act of December 22, 1944, 58 Stat. 887; Act of March 2, 1945, 59 Stat. 10; Act of October 23, 1962, 76 Stat. 1173; Act of December 11, 1969, 83 Stat. 323.

The land involved in this action is land necessary for use with the Oxbow Recreation Lakes, Snyder-Winnebago Complex, which is being developed as part of the overall improvement project.

In addition, the government sets out in its brief several excerpts from House and Senate Reports and committee hearings which establish the fact that Congress was aware of the Snyder-Winnebago Complex plans.

■ The decision to condemn the lands in question was made by the Secretary of the Army and Congress delegated such condemnation authority to him. See Act of April 24, 1888, 25 Stat. 94. And since Congress is not itself required to specifically and expressly authorize by a special enactment each particular taking of Indian land, but can choose to delegate some of its authority to administrative agencies, Tuscarora Nation of Indians v. Power Authority, 257 F.2d 885, 893 [2d Cir. 1958], cert. den., 358 U.S. 841, 79 S.Ct. 66, 3 L.Ed.2d 76; Seneca Nation of Indians v. United States, 338 F.2d 55 [2d Cir. 1964], cert. den. 380 U.S. 952, 85 S.Ct. 1084, 13 L.Ed.2d 969, this Court should not interfere with a reasonable exercise of the delegated administrative discretion.

■ Defendant's so-called crosspetition [actually a counterclaim] is without merit, as is its argument that this taking constitutes a deprival of property without due process of law, under the Fifth Amendment.

Nothing in this opinion should be construed as foreclosing defendant's rights on the issue of just compensation.

**134**

## ORDER

This matter comes before the Court on defendant's motion for summary judgment and preliminary injunction, [Filing #28], and plaintiff's motion to strike or in the alternative for a summary judgment. [Filing #32].

This Order is entered pursuant to this Court's Memorandum, dated the 23rd day of October, 1970. Accordingly

It is ordered that defendant's first amended answer and cross-petition should be and is hereby ordered stricken. And,

It is further ordered that defendant's motion for summary judgment and preliminary injunction should be and is hereby ordered stricken. And,

It is further ordered that plaintiff's motion to strike paragraphs 1 and 2, inclusive of defendant's answer should be and is hereby overruled. And,

It is further ordered that plaintiff's motion for summary judgment should be and is hereby sustained.