UNITED STATES of America, Appellee,

v.

**687.30 ACRES OF LAND, MORE OR LESS, Situate IN DAKOTA AND THURSTON COUNTIES, STATE OF NEBRASKA, et al., Appellants.**

UNITED STATES of America, Appellee,

v.

**210.43 ACRES OF LAND, MORE OR LESS, Situate IN WOODBURY COUNTY, IOWA, et al., Appellants.**

UNITED STATES of America, Appellee,

v.

**1,716.18 ACRES OF LAND, MORE OR LESS, Situate IN WOODBURY AND MONONA COUNTIES, IOWA, et al., Appellants.**

Nos. 71–1122, 71–1345.

United States Court of Appeals, Eighth Circuit.

Oct. 22, 1971.

Frederick S. Cassman, Omaha, Neb., Daniel M. Rosenfelt, David H. Getches, Robert S. Pelcyger, Francis J. O'Toole, Native American Rights Fund, Escondido, Cal., for appellants; Charles R. Wolle, Donald W. Sylvester, Sioux City, Iowa, of counsel.

Dirk D. Snel, Dept. of Justice, Washington, D. C., Shiro Kashiwa, Asst. Atty. Gen., Richard A. Dier, U. S. Atty., William J. Tighe, Asst. U. S. Atty., Omaha, Neb., Robert S. Lynch, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

## PER CURIAM.

These appeals arise out of condemnation proceedings instituted by the United States to obtain land in Nebraska and Iowa for a recreation facility along the Missouri River known as the Oxbow Lakes, Snyder-Winnebago Complex. The Winnebago Tribe of Nebraska, a defendant in the condemnation proceedings, has appealed from two orders entered by Judge Robinson in the District Court of Nebraska in case No. 71–1122. The Tribe has also appealed from orders entered by Judge McManus in the District Court for the Northern District of Iowa in two consolidated cases. All of such cases have been here consolidated upon appeal.

The Tribe by answer in each of the cases has asserted it owned some of the land involved in each case; that such land was acquired by treaty on March 8, 1865, which treaty guaranteed the Tribe the land forever; that Congress in the enabling legislation relied upon by the Government failed to manifest the requisite intent to abrogate the treaty and that consequently no power to condemn the Tribe's land exists. The trial courts ruled adversely to the Tribe on each issue.

The threshold issue in each case is whether the orders appealed from are appealable orders. We hold that the orders are not appealable orders and dismiss the appeals for the reasons hereinafter stated.

No. 71–1122. The Nebraska Case.

The appeal in No. 71–1122 is from Judge Robinson's orders of October 23, 1970, and February 3, 1971. The October 23 order (1) strikes the Tribe's first amended answer and cross petition, (2) strikes the Tribe's motion for preliminary injunction and for summary judgment, and (3) grants plaintiff summary judgment on the issue of the Government's right to condemn the Tribe's land for recreational purposes. Judge Robinson's opinion, reported at 319 F. Supp. 128, states the pertinent facts, the issues and the basis of his decision.

The February 3, 1971, order (1) denies the Tribe's motion to make certification of the October 23 order for interlocutory appeal under 28 U.S.C.A. § 1292(b), (2) denies the Tribe's request that proceedings be stayed pending appeal of the October 23 order, and (3) denies the Tribe's request that status quo be maintained until defendants are able to appeal on the merits. The basis of the February 3 order is set out in the trial court's unreported memorandum opinion filed February 3, 1971. Therein the court states that there is little if any question about the Government's right to condemn the land and that the likelihood of the Tribe sustaining irreparable injury by the continuation of the project is at best only slight, and that it is likely that the Indians will benefit from the project.

The law with respect to our jurisdiction to entertain appeals in condemnation cases is fully stated in Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911. In *Catlin*, petitioner raised the issue that the taking was not authorized by law. The Court, pursuant to 46 Stat. 1421, 40 U.S.C. § 258a enacted in 1931, entered judgment in favor of the Government on its declaration of taking as authorized by the statute. The Supreme Court held that the judgment entered under such statute granting the Government possession under the declaration of taking was not an appealable order. The Court states:

"Their right to appeal rests upon § 128 of the Judicial Code. This limits review to 'final decisions' in the District Court. A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. St. Louis, I. M. & S. R. Co. v. Southern Express Co., 108 U.S. 24, 28 [2 S.Ct. 6, 27 L.Ed. 638.] Hence, ordinarily in condemnation proceedings appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights, including ownership and just compensation, as well as the right to take the property. This has been the repeated holding of decisions here." 324 U.S. 229, 233, 65 S.Ct. 631, 633.

The Court holds:

"Accordingly, in our opinion the right of the owner to challenge the validity of the taking, for nonconformity with the prescribed statutory purposes, was not destroyed by the 1931 act. * * * No new right of separate appeal was given. The preexisting right of appeal, including appeal on grounds relating to validity of the taking, remained in force to be exercised when and only when final judgment, disposing of the cause in its entirety, has been rendered." 324 U.S. 229, 243, 65 S.Ct. 631, 638.

See United States v. 3,788.16 Acres of Land, 8 Cir., 439 F.2d 291.

■ Under the standards stated in Catlin, it is clear that no final judgment has been entered in this case and that no appeal lies from the orders appealed from. The court's determination that the Government has the right to possession under its declaration of taking and its deposit of the estimated value of the land for the purpose claimed does not dispose of the litigation. Serious title controversies and the issue of just compensation remain for adjudication.

Twenty-eight U.S.C.A. § 1292(b) permits the trial court to certify an issue for determination on an interlocutory

**670**

appeal upon the basis of findings specified by the statute. If such certification is made by the trial court, the Court of Appeals in its discretion may permit an interlocutory appeal. The Tribe sought a § 1292(b) certification which was denied by the trial court in the February 3 order. The Tribe urges that the trial court abused its discretion in denying the certification. We have no jurisdiction to review the trial court's denial of the § 1292(b) certificate. There is a strong policy in the law against interlocutory appeals. Section 1292(b) by its unambiguous language makes certification by the trial court a condition precedent to our right to exercise our discretion on the question of whether an interlocutory appeal will be allowed.

■ The February 3 ruling denying a stay pending appeal is a natural consequence of the denial of the § 1292(b) certificate. The statute provides that certification shall not stay proceedings unless the district court or a Court of Appeals so orders. The order is not appealable.

■ Judge Robinson's reported opinion reflects that his ruling striking the answer and counterclaim and the motion for injunction and summary judgment are rulings on pleadings under Rule 71A(e), Fed.R.Civ.P. Rulings on pleadings are clearly interlocutory and are not appealable. Of course all interlocutory rulings are subject to review upon appeal from final judgment. See Catlin v. United States, supra.

We hold that no statutory or rule basis exists which confers jurisdiction upon this court to entertain this appeal. The appeal is dismissed for want of jurisdiction.

No. 71–1345. The Iowa Cases.

The two consolidated Iowa cases involve an appeal from Judge McManus' order of May 24, 1971, which (1) strikes the Tribe's counterclaim and amended counterclaim, (2) determines that the Government is entitled to summary judgment upon the issue of the right to condemn the Tribe's land for recreational purposes.

The project for which condemnation is sought in the Iowa cases is the same project involved in the Nebraska case. No request for § 1292(b) certification is sought in the Iowa cases nor is any motion for temporary injunction involved. For the reasons stated in the portion of this opinion relating to the Nebraska case, we dismiss the Iowa appeal for want of appellate jurisdiction.

Appeals dismissed for want of jurisdiction.