UNITED STATES of America, Plaintiff,

v.

**38.80 ACRES OF LAND, MORE OR LESS, situate IN MURRAY COUNTY, STATE OF OKLAHOMA, and Mark IV Development, Inc., et al., and unknown owners, Defendants.**

No. 77–189–C.

United States District Court, E. D. Oklahoma.

Dec. 20, 1977.

Betty O. Williams, Asst. U. S. Atty., Muskogee, Okl., for plaintiff.

Phil S. Hurst, Sulphur, Okl., E. L. Markham, Jr., Dallas, Tex., Jack H. Smith, Ardmore, Okl., Andrew Wilcoxen, Muskogee, Okl., for defendants.

ORDER GRANTING DEFENDANT UNITED STATES ASPHALT CORPORATION EXTENSION OF TIME WITHIN WHICH TO FILE AN ANSWER

MORRIS, Chief Judge.

This condemnation action is before the court on defendant United States Asphalt Corporation's motion for an extension of time within which to file an answer in which it may or may not wish to set up defenses and objections to the taking of its property. Plaintiff has filed a response opposing the motion on the grounds that the court lacks authority to grant a motion for extension of time, since Rule 71A(e) Federal Rules of Civil Procedure makes it mandatory for a condemnee to file his answer, including his objections and defenses to the taking of his property, within twenty days after the service of notice upon him. Plaintiff does not contend that it would be inappropriate under the circumstances involved in this case for the court to grant such an extension, should the court conclude that it does have the authority to grant an extension.

Defendant represents that it was served on June 27, 1977 with a copy of the notice of condemnation but without the schedule which was supposed to be attached. Defendant's counsel then received the complaint, together with the schedule, on July 21, 1977. Defense counsel filed the instant motion on July 26, 1977. Plaintiff, on the other hand, states that defendant was served on June 27, 1977, and its deadline for filing an answer was therefore July 17, 1977. As indicated above, plaintiff claims that the court is without authority to grant an extension of time within which plaintiff may answer.

Plaintiff relies on the federal district court decision in *United States v. Rands,* 224 F.Supp. 305 (D.Or.1963), *rev'd on other grounds,* 367 F.2d 186 (9th Cir. 1966), *rev'd on other grounds,* 389 U.S. 121, 88 S.Ct. 265, 19 L.Ed.2d 329 (1967). The trial court in *Rands* stated that it had no jurisdiction to extend the twenty day period under Rule 71A(e). 224 F.Supp. at 306. In addressing that part of the trial court's opinion the Ninth Circuit stated:

I. Late Amendment under Rule 71A, F.R.Civ.P.

Rule 71A(e) provides that "If a defendant has any objection or defense to the taking of his property, he shall serve his answer within 20 days after the service of notice upon him." Part (a) of the same Rule makes the other rules of civil procedure applicable to condemnation actions "except as otherwise provided in this rule." The question, therefore, is whether the 20-day period is absolute, giving the district court no authority to extend it in cases of excusable neglect, or whether the excusable neglect provisions of Rules 6(b)(2) and 60(b)(1) confer such discretion.

District courts have held that Rule 6(b) is not applicable to mitigate the time bar of Rule 71A(e), *United States v. 4.724 Acres of Land,* E.D.La.1962, 31 F.R.D. 290, but that Rule 60(b) is so applicable, *United States v. 140.80 Acres of Land,* E.D.La.1963, 32 F.R.D. 11, 14, *United States v. 1,108 Acres of Land,* E.D.N.Y. 1960, 25 F.R.D. 205, see also *City of Davenport v. Three-Fifths of an Acre of Land,* S.D.Ill.1957, 147 F.Supp. 794. The language of the rules themselves offers little guidance. The court below, in concluding that the word "shall" in 71A(e) should be construed to be mandatory, found guidance in the fact that subsection (c)(2) of the rule provides that a defendant *"may* answer as provided in subdivision (e) of this rule," and thought it persuasive that the word "shall" as used in Rule 59(b) has been construed as mandatory. But the inference drawn from use of both "may" and "shall" is unwarranted; if "shall" had been used in subdivision (c)(2), a defendant would be required to file an answer, while if "may" had been used in subdivision (e), in practical terms no due date would apply to the answer other than those provided by other rules. Nor is the fact that the "shall" in Rule 59(b) has been said to be mandatory, see *Hulson v. Atchison, T. & S. F. Ry.,* 7 Cir., 1961, 289 F.2d 726, conclusive.

Rule 6(b) is by its own terms inapplicable to Rule 59(b), while *Hulson* held Rule 60(b) to be applicable to Rule 59(b) upon a showing of "extraordinary circumstances".

A strong case can be made for the proposition that "shall", as used in 71A(e), is permissive. The rule itself contains no language requiring a different conclusion. The Advisory Committee's note to subdivision (e) manifests no intent that the twenty-day limit be absolute—on the contrary, it seems to reflect an intent to cut off pleadings preliminary to the answer, not subsequent to it, and states that "[t]he general standard of pleading is governed by other rules * * * and this subdivision (e) merely prescribes what matters the answer should set forth." Rule 6(b) lists the other rules to which it is inapplicable, without including Rule 71A in that list. And the rules are to be construed in a liberal manner which effectuates their purpose "to secure the just, speedy, and inexpensive determination of every action" (Rule 1); here the Government itself conceded that appellants should be permitted to file a late answer.

But we need not finally decide here whether the rule is mandatory or permissive, for in either case we think the result below was correct. The trial judge held alternatively that, assuming that he had discretion in the matter, he would deny the motion because "the defendants made no attempt to raise the question until after a substantial portion of the property had been transferred to the State of Oregon." Where, as here, the only "excusable neglect (Rule 6(b)) or "mistake, inadvertence, surprise, or excusable neglect" (Rule 60(b)) alleged is the defendant's original attorney's lack of knowledge of possible defenses to the taking, a substantial quantity of land taken has been reconveyed after the 20-day period has elapsed and before a late answer is attempted to be filed, and the prima facie right to take is as clear as it is here, we think that denial of the motion was within the scope of the district judge's discretion.

367 F.2d at 188–89 (footnote omitted). This issue was not decided by the Supreme Court in its reversal of the Ninth Circuit on other grounds. Other courts have held that a trial court has discretionary authority to grant defendants the right to file an answer within a certain time beyond the twenty day period set out in Rule 71A(e). *See Atlantic Seaboard Corp. v. Van Sterkenburg,* 318 F.2d 455, 459 (4th Cir. 1963); *United States v. 687.30 Acres of Land,* 319 F.Supp. 128, 131 (D.Neb.1970), *appeal dismissed,* 451 F.2d 667 (8th Cir. 1971), *cert. denied,* 405 U.S. 1026, 92 S.Ct. 1291, 31 L.Ed.2d 486 (1972).

The court concludes that it has discretionary authority to grant the extension defendant requests and, in the exercise of its discretion, grants defendant United States Asphalt Corporation ten days from the date of this order to file an answer containing any defenses and objections that it may wish to raise.

ORDERED this 20th day of December, 1977.