**BEACHSIDE ASSOCIATES, LLC, Appellant/Defendant**
**v.**
**VIRGIN ISLANDS WATER AND POWER AUTHORITY,**
**Appellee/Plaintiff**

S. Ct. Civil No. 2015-0011

Supreme Court of the Virgin Islands

June 30, 2015

NEIL D. GOLDMAN, ESQ., Alexandria, VA, Attorney for Appellant.

MARK A. KRAGEL, ESQ., Assistant General Counsel, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(June 30, 2015)

PER CURIAM. This matter comes before the Court pursuant to a motion to dismiss this appeal filed by Appellee Virgin Islands Water and Power Authority ("WAPA"), as well as Appellant Beachside Associates, LLC's opposition and WAPA's reply. For the reasons that follow, we grant the motion and dismiss this appeal for lack of appellate jurisdiction.

## I. BACKGROUND

On November 3, 2014, WAPA filed with the Superior Court a motion to vest itself with title in fee simple absolute to certain utility easements in St. Thomas that were owned by Beachside Associates. WAPA brought its motion pursuant to title 28, section 421 of the Virgin Islands Code, which authorizes departments, agencies, bureaus, and instrumentalities of the Government of the Virgin Islands to exercise the power of eminent domain to condemn and transfer property — including easements — prior to issuance of a final judgment, provided that certain requirements are satisfied. The Superior Court granted WAPA's motion in a December 4, 2014 order, which vested title in those easements to WAPA and provided for further proceedings to determine the amount of just compensation that

Beachside Associates or any other persons with an interest in the easements would receive. Beachside Associates subsequently filed a motion to dismiss on December 11, 2014, which the Superior Court denied in a January 28, 2015 order that again reiterated that the case would proceed to resolve the issue of just compensation.

Beachside Associates filed a notice of appeal with this Court on February 1, 2015, which stated that it was appealing from the Superior Court's December 4, 2014 order. On February 26, 2015, WAPA filed a motion to dismiss the appeal, primarily contending that the appeal was not a final judgment since the underlying case remains pending in the Superior Court.[1] Beachside Associates filed an opposition on March 12, 2015, alleging that the Appellate Division of the United States District Court of the Virgin Islands authorized similar immediate appeals in the foreclosure context. *See Milligan v. Khodra*, 46 V.I. 305, 316 (D.V.I. App. Div. 2004). In its reply, filed on March 20, 2015, WAPA maintains that those authorities are irrelevant to this appeal, and that case law from other jurisdictions provides that in the eminent domain context, an appeal may not be brought until just compensation is determined unless certain extraordinary circumstances are present.

## II. JURISDICTION

■ With limited exceptions,[2] this Court may only hear an appeal from a final judgment, which is "one that ends the litigation on the merits and leaves nothing to do but execute the judgment." *Rojas v. Two/Morrow*

---

[1] In its motion, WAPA also argues that Beachside Associates filed an untimely notice of appeal, since Supreme Court Rule 5(a)(1) provides that a notice of appeal in a civil case be filed within 30 days of entry of judgment. Beachside Associates, however, maintains in its opposition that WAPA is an instrumentality of the Government of the Virgin Islands, and therefore it is entitled to file a notice of appeal within 60 days of entry of judgment, as is also authorized by Rule 5(a)(1). Because we conclude that we lack jurisdiction over this appeal because neither the December 4, 2014 order — nor any subsequent order issued by the Superior Court — is a final judgment, we do not resolve WAPA's alternate contention that this appeal is untimely.

[2] Pursuant to section 33 of title 4 of the Virgin Islands Code, this Court may also hear certain interlocutory appeals, such as appeals from orders granting injunctions, or those appointing receivers. Beachside Associates does not contend that its appeal falls within any of those specified exceptions, and we agree that an order vesting title to the Government pursuant to 28 V.I.C. § 421(e) cannot be classified as an injunction. *Accord, Yusuf v. Hamed*, 62 V.I. 565, 569-70 (V.I. 2015) (citing *In re Saffady*, 524 F.3d 799, 804 (6th Cir. 2008)).

*Ideas Enters., Inc.*, 53 V.I. 684, 691 (V.I. 2010) (quoting *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)). Here, Beachside Associates does not dispute that the underlying litigation remains pending in the Superior Court. Rather, it contends that the December 4, 2014 order should nevertheless be treated as if it were final because it conclusively determined that WAPA is entitled to title to the easements. To supports its claim, Beachside Associates primarily analogizes to the Appellate Division's *Milligan* decision relating to foreclosure appeals, and cites to a single article in a legal encyclopedia providing that, at common law, interlocutory orders in quick-take proceedings are appealable even if the amount of just compensation remains unresolved. 27 AM. JUR. 2D *Eminent Domain* § 634.

■ ■ We disagree. Although Beachside Associates invokes the common law, the issue before this Court is one of statutory interpretation. *In re L.O.F.*, 62 V.I. 655, 661 n.6 (V.I. 2015) (holding that a *Banks* analysis "is necessary only for issues of *common law* — i.e., non-statutory law created by judicial precedent — that this Court has not addressed" (emphasis in original)). As WAPA correctly recognizes in its motion to dismiss, 28 V.I.C. § 421 is clearly patterned after the federal Declaration of Taking Act, 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a), with certain provisions being word-for-word identical. Consequently, this Court construes the statutes alike. *In re LeBlanc*, 49 V.I. 508, 523 (V.I. 2008).

■ ■ Here, both section 421 of the local enactment and section 3114 of the federal statute provide that a governmental entity may request a declaration that an easement be immediately transferred at "any time before judgment." 28 V.I.C. § 421(a); 40 U.S.C. § 3114(a). In common English usage, "[t]he statutory phrase 'before judgment' means before final judgment." *Kellogg v. Asbestos Corp.*, 41 Cal. App. 4th 1397, 49 Cal. Rptr. 2d 256, 259 (1996). Not surprisingly, the Supreme Court of the United States has held that orders transferring property to the government "before judgment" under the federal Declaration of Taking Act are not appealable until a final judgment has been entered, including ascertaining the amount of just compensation.[3] *See Catlin v. United States*, 324 U.S. 229, 236-37, 65 S. Ct. 631, 89 L. Ed. 911 (1945) (holding that there is no

---

[3] We recognize that some federal courts, in certain exceptional circumstances, have departed from the rule announced by the United States Supreme Court in *Catlin*. For example, the

right to appeal a "quick take" authorized by the federal Declaration of Taking Act prior to entry of a true final judgment); *see also United States v. 687.30 Acres of Land*, 451 F.2d 667, 669 (8th Cir. 1971) (same). Significantly, the United States Supreme Court interpreted the pertinent language of the federal Declaration of Taking Act more than 20 years before the Virgin Islands Legislature enacted section 421 of title 28 of the Virgin Islands Code using virtually identical language. *See V.I. Waste Mgmt. Auth. v. Bovoni Invs., LLC*, 61 V.I. 355, 364 (V.I. 2014) ("When the Virgin Islands Legislature borrows a statute from another jurisdiction, the local enactment is, absent any evidence to the contrary, 'construed to mean what the highest court of that jurisdiction construed it to mean before the Legislature adopted it.' " (quoting *Brunn v. Dowdye*, 59 V.I. 899, 909 (V.I. 2013))).

■ Thus, we agree with WAPA that we lack jurisdiction over this case, and dismiss Beachside Associates' appeal without considering the merits of the Superior Court's December 4, 2014 order. To the extent Beachside Associates wishes to appeal the December 4, 2014 order or any subsequent decision of the Superior Court, it may do so only by filing a notice of appeal after entry of a final judgment or other order over which this Court may exercise jurisdiction.

### III. CONCLUSION

For the foregoing reasons, we grant the motion to dismiss, and dismiss this appeal for lack of appellate jurisdiction.

---

United States Court of Appeals for the District of Columbia Circuit permitted an immediate interlocutory appeal over a "quick take" under the federal Declaration of Taking Act when the government represented that it intended to immediately transfer the condemned land to the International Monetary Fund, which the court concluded "would immediately place this property beyond the power of judicial process" and prevent a meaningful appeal after a final judgment. *Loughran v. United States*, 317 F.2d 896, 898, 115 U.S. App. D.C. 196 (D.C. Cir. 1963). Beachside Associates, however, has made no showing that allowing WAPA to take immediate possession of the easements would prevent this Court from exercising meaningful appellate review after the Superior Court issues a final judgment.