SUPERMARKETS GENERAL CORPO-
RATION et al., Plaintiffs-
Appellants,

v.

GRINNELL CORPORATION et al.,
Defendants-Appellees.

CITY OF DETROIT et al.,
Plaintiffs-Appellees,

v.

GRINNELL CORPORATION et al.,
Defendants-Appellees.

MANHATTAN–WARD, INC., et al.,
Plaintiffs-Appellees,

v.

GRINNELL CORPORATION et al.,
Defendants-Appellees.

1225 VINE STREET BUILDING,
INC., et al., Plaintiffs-
Appellees,

v.

GRINNELL CORPORATION et al.,
Defendants-Appellees.

Nos. 172 thru 178, Dockets 73–1640–73–
1643, 73–1879, 73–1883 and 73–1887.

United States Court of Appeals,
Second Circuit.

Argued Dec. 17, 1973.

Decided Jan. 10, 1974.

**1184**

Geoffrey M. Kalmus, New York City (Nickerson, Kramer, Lowenstein, Nessen & Kamin, New York City, of counsel), for plaintiffs-appellants Supermarkets General Corp. and subsidiaries.

Bud G. Holman, New York City, for defendants-appellees.

Cahill, Gordon & Reindel, New York City, Denis McInerney, Thomas F. Curnin, and Allen S. Joslyn, New York City, of counsel, for defendant-appellee Grinnel Corp.

White & Case, New York City, Macdonald Flinn, and Thomas McGanney, New York City, of counsel, for defendant-appellee American District Telegraph Co.

Kelley, Drye, Warren, Clark, Carr & Ellis, New York City, Bud G. Holman, and Thomas R. Cosgrove, New York City, of counsel, for defendant-appellee Holmes Electric Protective Co.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, William F. Sondericker, and Joseph M. Burke, New York City, of counsel, for defendant-appellee Automatic Fire Alarm Co. of Delaware.

Before LUMBARD, FRIENDLY and OAKES, Circuit Judges.

PER CURIAM:

After the decision in United States v. Grinnell Corporation, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966), that Grinnell and others had engaged in unlawful monopolization of the business of providing central station protection services, many customers, including appellants (hereafter Supermarkets), and competitors commenced private treble damage actions, mostly in the District Court for the Southern District of New York. The three class actions seeking such relief, which are listed in the caption immediately below Supermarkets' action, were brought in other districts. As a result of directives of the Judicial Panel on Multidistrict Litigation, 28 U.S.C. § 1407, all these actions found their way to Judge Metzner in the Southern District of New York.

On December 13, 1971, the judge entered in the three class actions Settlement Order No. 1. This, *inter alia,* granted class action designation for the purposes of settlement only; defined the class in a manner including Supermarkets; directed a committee of attorneys for the class action plaintiffs and for the defendants to mail notices, in a form attached, to all customers whose names appeared on lists to be furnished by the defendants and to publish notice once per week for three consecutive weeks in The New York Times and The Wall Street Journal (including all regional editions); fixed January 26, 1972, as the last day for filing requests for exclusion under F.R.Civ.P. 23(c)(2) and February 10, 1972 as the last day for a member of the class to file a sworn statement of claim; directed the committee to prepare and file on or before March 21, 1972, a statement of all filed and challenged claims; directed counsel of record for the class representatives to file on or before that same date a proposed plan of allocation and an application for attorneys' fees and expenses; and set a hearing on April 27, 1972, on the approval of the settlement, the plan of allocation and the application for at-

torneys' fees. Attached as an exhibit was a letter dated August 27, 1971 from defendants' counsel to David Berger, Esq., of Philadelphia, counsel for the class action plaintiffs, agreeing to settle the actions for $10,000,000. The form of notice, also attached as an exhibit, advised in detail in regard to all of the above and also that Mr. Berger and his firm intended to apply for fees of 25% of the gross settlement recovery. An affidavit of the Production Manager of Appeal Printing Co., an experienced and reputable New York law printer, attests that among those to whom notice was mailed was Supermarkets General Corp. at its corporate headquarters in Woodbridge, N.J.

The December 13, 1971 order did not direct any additional notice to counsel for the plaintiffs who had filed individual suits. However, it appears that Barry J. Brett, Esq., of the New York firm of Parker, Chapin and Flattau, had been designated to serve as liaison between counsel for the individual plaintiffs and counsel in the class actions, and that on September 15, 1971, counsel for one of the defendants wrote him that they had recently executed a settlement agreement with Mr. Berger, which had been submitted for Judge Metzner's consideration. The judge's opinion recounts that Mr. Brett had advised the attorneys for the individual plaintiffs of this communication by letter dated September 17. Although we have been unable to find this in the record, counsel for Supermarkets does not deny it was received.

Supermarkets did not file a request for exclusion by January 26, 1972, or a proof of claim by February 10, 1972, since, as is alleged and not controverted, the mailed notice did not reach any responsible officer of the company, and no responsible officer nor counsel had seen the notices in The New York Times and The Wall Street Journal. According to appellants' papers it was not until mid-May that counsel for Supermarkets in its own action learned, from one of the "lead counsel" for individual plaintiffs,

that Supermarkets should have filed an exclusion request by January 26. Within a few days after learning this and prior to the settlement hearing, which had been adjourned to May 24, Supermarkets' counsel orally requested defendants' counsel to consent to a belated opting-out; defendants' counsel responded that the request should be made in writing. Supermarkets' counsel submitted a written request to Judge Metzner on May 25, with a copy to defendants' counsel; the judge advised that the application should be by formal motion. Defendants' counsel, on June 8, 1972, declined to consent; Supermarkets moved on June 15.

The judge did not rule on the motion until March 7, 1973, when he denied it in an opinion. In the interim, on January 23, 1973, he had entered a final judgment in the class actions which by its terms bound appellants. Primarily because of the court's partial reliance in the March 7 denial of Supermarkets' motion on the latter's alleged delay in seeking exclusion even *after* learning of its lapse, Supermarkets moved for reargument. The court granted this motion but adhered to its decision. This appeal followed.

■ Rule 23(c)(2) requires that in any class action maintained under subdivision (b)(3), as was the case here, "the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." See also F.R.Civ.P. 23(d)(2). The mailed notice to Supermarkets was "individual notice"; the problem which concerned us in Eisen v. Carlisle & Jacquelin, 479 F.2d 1005, 1015 (2 Cir.), cert. granted, 414 U.S. 908, 94 S.Ct. 235, 38 L.Ed.2d 146 (1973), does not here arise. Supermarkets contends rather that mailing and publication were not "the best notice practicable under the circumstances" with respect to the plaintiffs in individual actions, since defendants were aware of the names and addresses of

their attorneys.[1] It might indeed be desirable for the future to include in orders under F.R.Civ.P. 23(c)(2) and 23(e) a provision that notice shall be sent to attorneys for all members of the class who, to a defendant's knowledge, have instituted individual actions, and for all members who have appeared by an attorney in the class action itself. However, Supermarkets has cited no decision requiring this and no general practice to that effect. We are loath to impose such a requirement retroactively, and particularly to do this on the facts of this case. The letter of September 15 from one of the defendant's attorneys to Mr. Brett, liaison counsel for individual plaintiffs, and his letter of September 17 to his colleagues put counsel for all individual plaintiffs on notice that a settlement was in the making and imposed on them a duty of diligence to keep abreast of developments.

■ The same consideration requires rejection of Supermarkets' argument that its time to opt out should have been extended under F.R.Civ.P. 6(b)(2) or 60(b)(1), or in the court's general discretion under Rule 23 itself. We assume that Rules 6(b)(2) and 60(b)(1) cover excusable neglect by a party, or by its attorneys, or by both, and we also agree with appellants that the relevant standards are no different if the matter is viewed as arising simply under the court's discretion to implement Rule 23. But determination whether neglect in a particular case is excusable rests within the sound discretion of the district judge, and his ruling will be upset only if discretion is abused. Graham v. Pennsylvania R. R., 119 U.S.App.D.C. 335, 342 F.2d 914 (1964), cert. denied, 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965). While the claim of prejudice from allowing Supermarkets a belated opt-out is not very impressive, especially in light of the long delay in the ruling on its motion, neither are Supermarkets' contentions that its neglect was excusable or that it will be substantially prejudiced by the court's action.

■ Here again the case stands differently than if there were nothing but the failure of the mailed notice to reach Supermarkets' legal department;[2] the judge was much influenced, as we are, by counsel's undenied receipt of the letter of September 17. The district court also noted that defendants have raised no objection to a belated filing of a claim by Supermarkets in the class action. Cf. Zients v. LaMorte, 459 F.2d 628 (2 Cir. 1972). In consequence, the only prejudice Supermarkets may suffer will be if its individual action would have produced a larger net recovery than the court-approved class action settlement. Plaintiffs in eleven other individual actions, some apparently with claims as large as appellants', thought acceptance of the settlement was in their interest; a larger number did not. Only time will tell who was right. Under all the circumstances we cannot say the judge abused his discretion in denying Supermarkets the dispensation which is sought.

Affirmed.

---

1. Supermarkets does not seem to argue that service on its attorneys was required by F.R. Civ.P. 5(b), providing that

Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court.

Such an argument would be without basis. The notice was in the class actions, where Supermarkets was not yet represented by an attorney. And "service upon the party himself" was "ordered by the court."

2. An affidavit by Supermarkets' mail room supervisor stated that it received more than 1000 pieces of mail per day and that none of the 12 mail room employees recalled receiving a notice of the sort described to her. However, she candidly added that "considering the volume of mail we receive, neither I nor any of the other mail room employees can state with certainty that no such document was received."