Carol KLECKNER, Administratrix of the Estate of Marlin Kleckner Deceased, on behalf of the next of kin of Marlin Kleckner, Deceased, Plaintiffs,

v.

GLOVER TRUCKING CORPORATION, Defendant.

Civ. No. 82–1325.

United States District Court, M.D. Pennsylvania.

Oct. 31, 1984.

---

Seymour A. Sikov, Sikov & Love, Pittsburgh, Pa., Philip S. Kift, Bonnie L. Kift, Laughlintown, Pa., for plaintiffs.

John C. Youngman, Jr., John P. Pietrovito, Williamsport, Pa., for defendant.

## ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case arises out of a November 19, 1981 traffic accident which resulted in the death of Plaintiff's decedent, Marlin Kleckner. Presently pending before the Court are motions by the Plaintiff for summary judgment and motions by the Defendant seeking leave to file an answer out of time and to withdraw admissions.

The following procedural history of this case is relevant to the pending motions. The Plaintiff filed this case in October 1982. In September, 1983, the Court was informed by the parties that they had settled the controversy and the Court therefore dismissed the case by issuance of one of our standard orders used in such instances. The settlement was based, in part, on a representation by counsel for the Defendant Glover Trucking Corporation (hereinafter Glover) that the limit of its liability insurance policy was $250,000. Thereafter, Kleckner learned that the limit was $500,000, she then moved that the case

be reopened and on March 12, 1984, the case was reinstated and listed for trial. Prior to March 12, 1984, Glover had never filed an answer to Kleckner's complaint. On May 29, 1984, approximately 2½ months after the case was reopened, Glover filed its answer and on the same date Kleckner moved to strike the answer as untimely.

On April 9, 1984, Kleckner served on Glover a request for admissions. *See* Fed. R.Civ.P. 36. Glover did not respond to Kleckner's request for admissions until May 31, 1984. Kleckner moved to strike Glover's response and to have the matters which were the subject of the request for admissions deemed admitted. *See* Fed.R. Civ.P. 36(a). Finally, in connection with her motion to strike Glover's answer, Kleckner moved for a default judgment against Glover.

The Court ruled on the foregoing motions in an order dated August 16, 1984. In that order, the Court granted Kleckner's motion to strike Glover's untimely answer. The Court indicated that Glover's answer could not be allowed unless and until Glover prevailed on a motion under Fed.R. Civ.P. 6(b)(2) for an extension of time. The Court also rejected Glover's argument that its failure to file a timely answer was the result of excusable neglect. We also granted Kleckner's motion to strike Glover's response to Kleckner's request for admissions and deemed admitted the matters which were the subject of the request. Finally, the Court denied Kleckner's motion for a default judgment on the ground that Kleckner had not shown that she would be prejudiced if the Court declined to enter a default judgment against Glover.

The parties have filed several motions since the Court issued its August 16, 1984 order. On August 24, Kleckner filed a motion for summary judgment based on the fact that Glover had, in effect, admitted liability by virtue of the fact that its answer had been stricken from the record and in light of Glover's admissions. On September 6, 1984, Glover filed a motion seeking leave to withdraw its admissions. On

the same date Glover filed a motion seeking an extension of time pursuant to Fed.R. Civ.P. 6(b)(2) in which to file its answer. We will first consider Glover's motions.

Glover seeks leave to file its answer out of time pursuant to Fed.R.Civ.P. 6(b)(2). That rule provides that the Court may extend the time for taking action beyond the time specified under another rule, in this case Rule 12, "upon motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect ...." As was discussed in our August 16, 1984 order, Glover's failure to file its answer within the period prescribed by Fed.R.Civ.P. 12 was not the result of excusable neglect. Glover argues in support of its motion that although its answer was filed approximately 20 months after Kleckner's complaint was filed, Glover should not have been expected to file an answer during the time that the parties were engaged in settlement negotiations and when the case was closed as a result of the apparent settlement of the case. The argument that settlement negotiations toll the time for filing an answer is without merit. Of course there was no requirement that an answer be filed after the case was dismissed and prior to reinstatement of the action. Once the Court reinstated the action, however, an answer was required to be filed promptly. Glover nevertheless filed its answer some two and one-half months after the case was reinstated. Thus, Glover's answer was, at best, approximately one and one-half months late. Glover has also reiterated the argument that its neglect in failing to file a timely answer was excusable because Glover's counsel was very busy. We rejected this argument in our August 16, 1984 order. Glover has not pointed to any authority for the proposition that counsel's neglect should be considered excusable because counsel was busy and, in any event, we agree with those cases that hold to the contrary. *See McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982); *Graham v.*

*Pennsylvania Railroad,* 342 F.2d 914 (D.C.Cir.1964), *cert. denied,* 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965); *Urban v. Talleyville Fire Company,* 98 F.R.D. 634 (D.Del.1983). In light of the foregoing, it would appear that Glover has failed to establish that it is entitled to an extension of time under Rule 6(b)(2).

■■■ Although Rule 6(b)(2) seems to require that Glover's motion for leave to file its answer out of time be denied, the Court most reluctantly concludes that it is nevertheless obliged to grant the motion. Denial of Glover's motion would bar Glover from filing an answer to Kleckner's complaint and Kleckner would therefore be entitled to the entry of a default judgment. In our August 16, 1984 order, we declined to grant a default judgment because, among other things, Kleckner had not shown that her presentation of her case would be substantially prejudiced by Glover's dilatory action.

Kleckner has alleged that she has suffered prejudice by Glover's dilatory actions as follows. Because Glover did not timely file its answers or responses to Kleckner's request for admissions, Kleckner expected that she would not have to litigate the issue of liability in this case. Kleckner points out that litigating liability will involve substantial expense. However, litigating the question of liability in this case would have been expensive to Kleckner even if Glover had not delayed this case. Kleckner does not allege that the expense to litigate this case will be substantially greater as a result of Glover's delay. It appears to the Court that the only basis for Kleckner's allegation of prejudice is that Kleckner's expectations in this case have not been met. While we are completely sympathetic to Kleckner's frustration with the dilatory conduct of Glover's counsel, we nevertheless reject her argument that she has suffered substantial prejudice as a result.

The Court of Appeals has interpreted Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure to require that a default judgment be set aside absent prejudice to the plaintiff. *See Gross v. Stereo Component Systems,* 700 F.2d 120 (3d Cir.1983) and cases cited therein. Thus, even if the Court were to deny Glover's motion for leave to file its answer out of time and thereafter enter a default judgment against Glover, we would likely be required under *Gross* to set aside the default judgment upon a request by Glover. We therefore conclude that case law does not allow us to deny Glover's motion for leave to file its answer out of time and thereby preclude Glover from defending this case on the merits. We stress that if we thought we had discretion to do so we would under the egregious facts in this case deny Glover's motion for leave to file its answer out of time.

We also note that the case law with respect to default judgments appears to be inconsistent with Rule 6(b)(2)'s provision for extending the time to file an answer beyond the time limit of Fed.R.Civ.P. 12 only in cases of excusable neglect. The rules provide no sanction for the untimely filing of an answer other than a default judgment. The case law with respect to default judgments, however, dictates that a request for relief from default judgment be granted except in the most extraordinary cases. Thus, absent prejudice to the Plaintiff the Rules provide no substantial sanction against a defendant who fails to file an answer within the time limits specified in Rule 12. The apparent absence of substantial sanctions for failure to abide by the time limits specified by the federal rules severely limits the Court's ability to "secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

The only sanction of which we are aware for Glover's actions short of a default judgment or the equivalent thereof is an order requiring Glover's attorney or Glover to pay Kleckner's attorney fees and expenses incident to the various motions filed as a result of Glover's failure timely to file its answer. *See Gerlach v. Michigan Bell,* 448 F.Supp. 1168 (E.D.Mich.1978); *Morisse v. Defensive Instruments, Inc.,* 55 F.R.D.

433, 435 (E.D.Wisc.1972); *Hanley v. Volpe*, 48 F.R.D. 387 (E.D.Wisc.1970). We will order Glover's attorney to pay to Kleckner her attorney's fees and expenses in connection with these motions. Counsel for Kleckner are free to move for such other sanctions as they may deem appropriate consistent with this opinion.

■ We next consider Glover's motion for leave to withdraw its admissions. Rule 36(b) of the Federal Rules of Civil Procedure provides that "the Court *may* permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the Court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." (Emphasis added). It is clear from the language of Rule 36(b) that the Court has substantial discretion in deciding whether to allow withdrawal of an admission. While the Rule establishes two prerequisites to *permitting* withdrawal of an admission, it says nothing about disallowing withdrawal of an admission. "Because the language of the Rule is permissive, the Court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the Rule. *See* [*Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir.1966) ]." *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir.1983).

Glover's response to Kleckner's request for admissions is a one-page document with nine one-word responses to Kleckner's request, *i.e.*, "admitted" or "denied". Glover has not asserted that it needed more than 30 days to ascertain how it should respond to Kleckner's request. Indeed, Glover has offered no explanation whatsoever for its failure to file these responses within the 30-day period prescribed by Rule 36. In light of the foregoing, we will deny Glover's request for leave to withdraw its admissions.

■ We now consider Kleckner's motion for summary judgment. In view of our decision to grant Glover's motion for leave

to file its answer out of time, we must consider whether Kleckner is entitled to judgment as a matter of law in light of the undisputed facts in this case which include those facts deemed admitted by Glover as a result of Glover's failure timely to respond to Kleckner's request for admissions and our decision today to deny Glover's request for leave to withdraw its admissions. The admissions that are of greatest importance to Kleckner's summary judgment motion are to the effect that at the time of the traffic accident which is the subject of this litigation, Plaintiffs' decedent, Marlin Kleckner, was entering an intersection on a green light and the tractor trailer unit owned by Glover Trucking entered the intersection on a red traffic light, collided with the vehicle being operated by the Plaintiffs' decedent, and that Plaintiffs' decedent suffered serious injury as a result of the accident. *See* Plaintiffs' request for admissions, filed April 11, 1984 (document 21). Kleckner argues that in view of these admissions Kleckner is entitled to judgment as a matter of law on the liability issue in this case.

In Glover's brief in opposition to Kleckner's motion for summary judgment, Glover did not address the question of whether Kleckner would be entitled to summary judgment in the event that Glover's motion for leave to withdraw its admissions were denied. Glover responds to the summary judgment motion by contending that there are disputed factual issues in this case regarding whether Plaintiffs' decedent entered the intersection on a green light and whether Glover's driver proceeded through the intersection on a red light. However, in view of our denial of Glover's request for leave to withdraw its admissions, these facts are not in dispute. Glover also asserts in its brief in opposition to Kleckner's motion for summary judgment that "the accident was caused, at least in part, by the contributory negligence of Plaintiffs' decedent." Glover's assertion is not supported by affidavit or otherwise and therefore is insufficient to establish the existence of a dispute as to a material fact which would

preclude summary judgment. *See* Fed.R. Civ.P. 56(e).

Because Glover has failed to establish the existence of a genuine issue for trial, our task is to determine whether the entry of summary judgment against Glover would be "appropriate." *Id.* It would appear that Glover's violation of Pennsylvania law by proceeding through the intersection on a red light constitutes negligence per se and that Glover has admitted that its negligence was the cause of the injuries to Plaintiffs' decedent, Marlin Kleckner. Notwithstanding the foregoing, it is not absolutely clear that Kleckner is entitled to judgment as a matter of law on the liability issue. Even in a case involving conduct that is negligent per se and that substantially causes the Plaintiffs' injuries, a defendant may attempt to establish that it is not liable for the Plaintiffs' injuries on the ground that the Defendant had a valid excuse for failing to obey the law, the violation of which resulted in him being deemed negligent per se. *See* Restatement (Second) of Torts, § 288A; *Bumbarger v. Kaminsky*, 457 A.2d 552 (Pa.Super.1983); *Stanton v. Astra Pharmaceutical Products*, 718 F.2d 553, 564 (3d Cir.1983). Because it is conceivable, albeit unlikely, that Glover might have some defense to liability, we decline to grant Glover's motion for summary judgment. We reach this conclusion somewhat reluctantly in view of the fact that Glover has not carried its burden of establishing the existence of a disputed issue of material fact which would preclude summary judgment. Nevertheless, our decision today precludes Glover from presenting evidence on what would appear to have been the central issues in the liability phase of this case. Thus, the burden on Kleckner to present its case on liability should be minimal and Kleckner may, of course, move for a directed verdict at the end of her case or at the end of Glover's case on liability. *See* Fed.R.Civ.P. 50.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Kleckner's motion for summary judgment on the liability issues in this case is denied.

2. Glover's motion for an extension of time in which to file its answer is most reluctantly granted.

3. Glover shall file its answer to Kleckner's complaint within 3 days of the date of this order.

4. Glover's motion for leave to withdraw its admissions is denied.

5. Glover's counsel shall pay to Kleckner her reasonable attorney's fees and expenses incurred incident to the following motions:

(a) Kleckner's May 29, 1984 motion to strike Glover's answer.

(b) Kleckner's May 29, 1984 motion for default judgment.

(c) Glover's September 6, 1984 motion for leave to file its answer.

6. If the parties are able to agree within 10 days on the amount to be paid by Glover's counsel pursuant to ¶ 5 above, Glover's counsel shall pay that amount to Kleckner within 30 days of the date of this order.

7. If the parties are unable to agree to the amount to be paid by Glover's counsel pursuant to ¶ 5 above, Kleckner may file a motion seeking court determination of the appropriate attorney's fees and expenses pursuant to this order within 45 days of the date of this order with an itemized statement of services rendered, fees, and expenses. Glover shall have 10 days in which to respond to Kleckner's motion. The application for fees and expenses shall comply with the requirements of the practice order issued in this case.

8. The Clerk shall by noon on November 1, 1984 telephone counsel and read the dispositive paragraphs of this order.