**In re DEL–VAL FINANCIAL CORP. SECURITIES LITIGATION.**

**This Document Relates To: All Actions.**

**No. MDL 872.**

United States District Court, S.D. New York.

April 8, 1994.

Joan G. Heath, Class Member pro se.

Morgan, Lewis & Bockius, New York City, for defendant Interstate/Johnson Lane Corp.; Kevin T. Rover, of counsel.

Miller Faucher Chertow Cafferty and Wexler, Chicago, IL, for Del–Val Financial Corp.; Marvin A. Miller, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

This class action suit is brought on behalf of all individuals who purchased common stock of Del–Val Financial Corp. ("Del–Val") between March 10, 1989 and October 19, 1990, and all persons who owned Del–Val common stock on October 22, 1990. The Complaint alleges violations of Sections 11, 12(2), and 15 of the Securities Act of 1933, Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and the common law. Plaintiffs assert claims against Del–Val, a real estate investment trust; Kenbee Management, Inc. ("Kenbee"), Del–Val's manager; former Del–Val and Kenbee officers and directors; Interstate/Johnson Lane Corp. ("I/JL"), Del–Val's underwriter; and Deloitte & Touche ("D & T"), Del–Val's independent auditor.

Plaintiffs reached a partial settlement ("Settlement") with Del–Val, Kenbee, and most of the officers and directors, (collectively "Settling Defendants"), and on September 14, 1993, this Court issued a Class Hearing Order which scheduled the Settlement Hearing for December 3, 1993. We also tentatively approved the Notice of Pendency of Class Action and Notice of Proposed Partial Settlement of Class Action and Settlement Hearing ("Class Notice"), the Proof of Claim and Release ("Proof of Claim"), and the Summary Notice of Pendency of Class Action and of Proposed Partial Settlement of Class Action and Settlement Hearing ("Summary Notice"). The Summary Notice was published in the Wall Street Journal on September 29, 1993. The Class Notice and Proof of Claim were mailed to shareholders and an opt-out deadline was set for November 2, 1993.

On December 3, 1993, after conducting a fairness hearing, this Court approved the Settlement. Neither I/JL nor D & T participated in this Settlement, and hence the class litigation against them is still pending.

Currently before the Court is an untimely request from a class member to opt out of the class. On February 28, 1994, we received a letter from class member Joan G. Heath, *pro se*, requesting to be excluded from the class because she wishes to pursue arbitration with I/JL which she commenced prior to receiving notice of the instant class action. After inviting defendants to respond to Ms. Heath's letter and considering all of the relevant facts, we grant Ms. Heath's request.

## DISCUSSION

In requesting to be excluded from the class after the November 2, 1993 opt-out deadline, Ms. Heath is essentially requesting an enlargement of time to opt out under Fed.R.Civ.P. 6(b)(2). It is within our discretion to grant an enlargement of time after expiration of the specified opt-out period if we find "excusable neglect." Fed.R.Civ.P. 6(b)(2); *Supermarkets General Corp. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2d Cir. 1974). The moving party must show both good faith and a reasonable basis for not acting within the specified period. *Bruno v. Cook*, 1990 U.S.Dist. LEXIS 1497 at *5 (S.D.N.Y.1990); *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir.1974).

Ms. Heath argues that she did not seek timely exclusion from the class because (1) she did not receive the Class Notice until November 22, twenty days after the opt-out deadline of November 2 had expired; and (2) she was already involved in arbitration with I/JL and expecting a hearing on December 17, and thus did not fully appreciate that she was bound by the Class Notice.[1] We find that these two reasons, when considered together, constitute "excusable neglect." If one is involved in pending arbitration, and then receives notice concerning litigation for which the opt-out deadline had already expired, the failure to immediately respond to such notice is not unreasonable, particularly if an arbitration hearing is expected within weeks.

Our holding is supported by the fact that I/JL is not one of the Settling Defendants

---

1. Ms. Heath also argues that she did not respond to the Class Notice because it resembled "junk mail." We find this argument implausible.

and hence will not be prejudiced if Ms. Heath opts out of the class at this time.[2]

I/JL argues that although Ms. Heath did not receive the notice until November 22, she still had two weeks to request exclusion before the Settlement Hearing on December 3, 1993.[3] In light of Ms. Heath's expected arbitration hearing and the fact that I/JL was not involved in the Settlement Hearing, we do not agree that Ms. Heath's failure to respond within two weeks was unreasonable.

For the foregoing reasons, Ms. Heath's request is granted and she is no longer a member of the class.

**SO ORDERED.**

---

2. Del-Val does not suggest that it will be prejudiced, presumably because the arbitration is only with I/JL and because the statute of limitations apparently bars any new action by Ms. Heath against the Settling Defendants.

3. Ms. Heath first requested exclusion on January 10, 1994, when she wrote to the Clerk of the Court in Fairfield, Connecticut. She then wrote to this Court in February.