**In re PRUDENTIAL SECURITIES INCORPORATED LIMITED PARTNERSHIPS LITIGATION.**

MDL No. 1005.
Nos. M–21–67 (MP), 94 Civ. 5807 (MP).

United States District Court,
S.D. New York.

Nov. 16, 1994.

Miller Milove & Kob by Brian D. Miller, Bradd Milove, San Diego, CA, for First plaintiffs.

Goodkind Labaton Rudoff & Sucharow by Lawrence Sucharow, Joel H. Bernstein, Diane Zilka, Liaison Counsel, New York City, for plaintiffs in MDL No. 1005.

Cahill Gordon & Reindel by Thomas J. Kavaler, New York City, for Prudential defendants.

Ross & Hardies by Marshall Beil, New York City, for Madison Plaza Associates.

## DECISION

MILTON POLLACK, Senior District Judge.

The plaintiff moves for an order pursuant to Rule 23(d), Fed.R.Civ.P., providing members of the certified plaintiff class in *First v. Prudential–Bache Securities, Inc.* with a second, unrestricted opportunity to opt out of the class. The plaintiff also moves for an order vacating all previous orders which limit the right of the class members or former class members to receive document and deposition evidence taken in connection with discovery in *First* pursuant to a protective order.

As the plaintiff has failed to demonstrate entitlement to the relief requested, the plaintiff's motions will both be denied. Furthermore, the *First* class will be decertified.

## BACKGROUND

*First v. Prudential–Bache Securities Inc.* commenced on January 14, 1991 in the United States District Court for the Southern District of California as a putative class action against Prudential–Bache Securities, Inc., which later became PSI, on behalf of investors in the Madison Plaza Associates Limited Partnership and the Madison Avenue Land Limited Partnership. *First* alleged securities fraud in connection with the sale of interests in Madison Plaza to these investors. On July 29, 1992, the class was certified, and class members were given an opportunity to opt out of the class. This opportunity expired on October 1, 1992. The Judicial Panel on Multidistrict Litigation subsequently transferred *First* to the Southern District of New York on August 3, 1994.

On October 21, 1993, over a year after the expiration of the *First* class opt-out period, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the District of Columbia against PSI, charging the firm with violations of the Federal Securities laws, including violations arising out of the sale of limited partnerships during the 1980's. Simultaneously with the filing of the SEC complaint and the institution of Administrative Proceedings by the SEC, PSI consented to the entry of a Final Order by the District Court for the District of Columbia that required PSI to pay compensatory damages for all valid claims presented through a court-supervised Claims Resolution Process. PSI consented among other things to pay $330 million to establish a fund ("the SEC Fund") for the benefit of defrauded investors and to pay all additional valid claims in excess of the $330 million in the SEC Fund. The SEC Fund was placed under the general supervi-

sion of the District Court to be administered by a court-approved Claims Administrator.

The Claims Resolution Process has two parts. The first part of the process requires eligible investors to submit claims directly to PSI. PSI is obligated to deal with claimants in good faith with a view toward the fair and expeditious resolution of claims. Pursuant to that Process, PSI is obligated either to offer the claimant a monetary settlement or reject the claim. Investors who are not satisfied with PSI's offers of compensation, or whose claims are rejected, might pursue their legal rights in other forums. Alternatively, they could enter the second part of the process, known as the Expedited Dispute Arbitration Proceedings ("EDAP"). The results of the Expedited Dispute Arbitration Proceedings are to be final and binding on the parties.

As an essential feature of this court settlement, PSI agreed not to assert any statute of limitation defenses in the Claims Resolution Process with respect to any claims submitted on behalf of eligible investors. Even those investors who would be statutorily barred from bringing an action for compensatory damages in another forum would be allowed to submit claims within the Claim Resolution Process, including the Expedited Dispute Arbitration Proceedings. However, investors who wish to avail themselves of the SEC Fund's processes must act within a limited time. An investor is only eligible to participate in the SEC Fund's processes if that investor files a claim with PSI in the Claims Resolution Process on or before January 10, 1995.

On August 29, 1994, the New York Times reported that the Claims Administrator had ruled that members of the *First* class may not participate in the Claims Resolution Process until the class is decertified, and counsel for the class has since confirmed this ruling with counsel for the Claims Administrator. The Claims Administrator's ruling has created a dilemma for class counsel: by continu-

ing to press the class action claims, he is limiting the avenues available to members of the class. PSI's counsel has offered to stipulate to decertification of the class to allow investors to pursue their claims in the SEC claims process, should the plaintiff make such a motion. Instead, counsel for the class has attempted to escape his dilemma through the instant motion for an additional opt-out period.

## *DISCUSSION*

### I. Plaintiff's Motion for an Additional, Unrestricted Opt–Out Period

The plaintiff seeks an order under Federal Rule of Civil Procedure 23(d) allowing members of the *First* class an additional opportunity to opt out. The Second Circuit and this District have analyzed a motion for a second opportunity to opt out of a certified class according to the "excusable neglect" standard governing a motion for an enlargement of time under Federal Rule of Civil Procedure 6(b)(2).[1] *See Supermarkets General Corp. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2nd Cir.1974) ("The same consideration requires rejection of Supermarkets' argument that its time to opt out should have been extended under F.R.Civ.P. 6(b)(2) or 60(b)(1), or in the court's general discretion under Rule 23 itself. We assume that Rules 6(b)(2) and 60(b)(1) cover excusable neglect by a party, or by its attorneys, or by both, and we also agree with appellants that the relevant standards are no different if the matter is viewed as arising simply under the court's discretion to implement Rule 23."); *In re Del–Val Financial Corp. Securities Litigation*, 154 F.R.D. 95, 96 (S.D.N.Y.1994) ("In requesting to be excluded from the class after the November 2, 1993 opt-out deadline, Ms. Heath is essentially requesting an enlargement of time to opt out under Fed. R.Civ.P. 6(b)(2)."); *Bruno v. Cook*, 1990 WL 605344 at \*2, 1990 U.S.Dist. LEXIS 1497 at \*4–\*5 (S.D.N.Y. February 9, 1990). "A find-

---

**1.** Rule 6(b)(2) provides:
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified peri-

od permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.

ing of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and a reasonable basis for not complying with the specified period." *Bruno,* 1990 WL 605344 at *2, 1990 U.S.Dist. LEXIS 1497 at *5.

■ The burden of proving excusable neglect rests on the movant. *See In re Del–Val Financial Corp.,* 154 F.R.D. at 96 ("The *moving party* must show both good faith and a reasonable basis for not acting within the specified period.") (emphasis added). This Court finds that the plaintiff has not met the burden of proving that class members' neglect to opt out of the class before the original deadline is excusable. Based on the information now before this Court, the only class members who might be able to show that their neglect to opt out is excusable would be those who wish to pursue their claims before the SEC Fund. Class members who wish to opt out in order to initiate new litigation or to seek arbitration in a forum in existence at the time of the original opt-out deadline have no excuse for their neglect to opt out; they are simply seeking to escape consequences known to them at the time they chose to remain in the class. The plaintiff has offered no evidence about the proportion of class members desiring to opt out who fit into these two categories nor any evidence that *any* class members are seeking to opt out because they want to file a claim with the Claims Resolution Process. Therefore, the plaintiff has failed to meet his burden of showing that class members' neglect to opt out before the original deadline is excusable.

## II. Alternatives for Protecting the Interests of the *First* Class

■ Although the plaintiff has not demonstrated that the class is entitled to an additional opt-out period, this Court can grant class members the freedom to choose the forum in which to pursue their claims by decertifying the class. A district court may decertify a class pursuant to Federal Rule of Civil Procedure 23(c)(1), which provides:

As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

*See In re Harcourt Brace Jovanovich, Inc. Securities Litigation,* 838 F.Supp. 109, 115 (S.D.N.Y.1993) ("The district court, under Rule 23(c)(1), is charged with 'monitoring its class decisions in light of the evidentiary development of the case.' . . . The court may modify the class, establish subclasses, or decertify as appropriate in response to factual development.") (citations omitted). The question whether a class should be decertified may be raised by the court acting sua sponte. *See Gerstle v. Continental Airlines, Inc.,* 466 F.2d 1374, 1377 (10th Cir.1972) (holding that trial court's sua sponte entry of order decertifying class "is permitted by Fed.R.Civ.P. 23(c)(1)"). Decertification is appropriate if the class no longer satisfies the requirements for class certification under Rule 23. *See Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 572 (2nd Cir.), *cert. denied,* 459 U.S. 838, 103 S.Ct. 86, 74 L.Ed.2d 80 (1982), 459 U.S. 908, 103 S.Ct. 213, 74 L.Ed.2d 170 (1982) ("a district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met").

■ Counsel to the class has indicated that the *First* class no longer satisfies the requirements of superiority, commonality, and typicality that Rule 23 imposes as a condition for class certification. During a September 21, 1994 pre-motion conference, counsel for the class stated that if Second Circuit precedent determines the limitations period in this case, the class members' claims will be time-barred in this forum. In addition, in an October 10, 1994 letter to the members of the class, counsel for the class made the following statements:

As counsel to the certified class of Madison Plaza investors in *First v. Prudential–Bache Securities, Inc.,* we have determined that a change in litigation strategy is in the investor's best interest.

\* \* \* \* \* \*

We intend to move to decertify the class action to provide the investors freedom of

choice as to the forum in which the Madison Plaza investor's [sic] claims against Prudential will be resolved.

\* \* \* \* \* \*

We have concluded that the interests of the Madison Plaza investors as a whole would be best served by temporarily decertifying the class action and allowing class members an additional opportunity to "opt out" or elect to be excluded from the class action.

\* \* \* \* \* \*

We will be advising those persons who retain Miller & Milove as to the most appropriate forum, which will vary depending on individual circumstances.

Taken together, these statements clearly evidence that this action should no longer be maintained as a class action. Indeed, at oral argument class counsel consented to decertification.

Accordingly, it will be ordered that the action entitled *First v. Prudential–Bache Securities, Inc.*, Case No. 91–0047, be decertified. This order shall be without prejudice to any motion for recertification of this class or any motion to certify any different class which may hereafter be made by any counsel who has previously appeared for any plaintiff in the *First* action or by Liaison Counsel for the putative class in the Consolidated Action in *In re Prudential Securities Incorporated Limited Partnership Litigation*, MDL 1005. This order will enable each member of the class previously certified who has not already done so to file a claim with PSI on or before the current cut-off date, January 10, 1995, on the standard claim form, or to pursue their claims against PSI in any other forum, subject to PSI's defenses.

Class counsel are directed to notify each member of the class of the opportunity now available to take advantage of the court-supervised Claims Resolution Process created by the SEC that came into existence after this suit was commenced and after the *First* class opt-out period expired. PSI has offered to cooperate with class counsel on the content of the notice to the class to facilitate anyone desiring to take advantage timely of the opportunity to file under the Claims Resolution Process. A copy of the notice shall be served and filed herein.

## III. Plaintiff's Motion to Vacate Protective Orders

■ The plaintiff argues that this Court should vacate the Supplemental Stipulation and Order Regarding Designation, Protection and Non–Disclosure of Confidential Information, filed on September 22, 1992 while this case was pending in the Southern District of California ("the Order"). Plaintiffs also seek to have this Court vacate a confidentiality stipulation entered into by PSI and the plaintiffs but never entered by any court.[2] Both the Stipulation and the Order restrict the use of covered materials to the litigation of *First v. Prudential–Bache*. Plaintiffs contend that (1) what the plaintiffs claim is the purpose of the Order—preventing the disclosure of the Madison Plaza Defendants' trade secrets to the New York real estate market—has been mooted by the fact that the Madison Plaza property has been in receivership for over a year; (2) confidentiality designations under the "orders" have been abused to hide unspecified incriminating evidence; (3) confidential discovery materials should be available to class members so they can decide whether to opt out; and (4) much of the discovery covered by the Order and the Stipulation was produced, according to the plaintiffs, prior to the parties' stipulation or entry of the order.

■ Protective orders cannot be vacated absent a showing that the order was improvidently granted, that exceptional circumstances exist, or that the movant has a compelling need to vacate the order. *See In re*

---

**2.** In their memorandum, plaintiffs ask this Court to vacate "protective orders," thereby implying that more than one such order exists. However, the only other "protective order" to which the plaintiffs direct this Court's attention is an unnamed agreement that plaintiffs' counsel claims was never entered. *See* Miller Affidavit at ¶ 12

("In 1993 the FIRST Plaintiffs entered into a stipulation and proposed order with the Prudential Defendants with respect to discovery produced by the Prudential Defendants. Although the order was *never entered*, the FIRST Plaintiffs have to date abided by its terms.") (emphasis added).

*Grand Jury Subpoena Dated April 19, 1991,* 945 F.2d 1221, 1224 (2nd Cir.1991); *Palmieri v. State of New York,* 779 F.2d 861, 864 (2nd Cir.1985) ("'absent a showing of improvidence in the grant of a rule 26(c) protective order or some extraordinary circumstance or compelling need ... a witness should be entitled to rely upon the enforceability of a protective order against any third parties ...'") (quoting *Martindell v. International Tel. & Tel. Corp.,* 594 F.2d 291, 296 (2nd Cir.1979)).

Plaintiffs have failed to make any of the showings required under Second Circuit precedent. The plaintiffs do not argue that the Order or the Stipulation were improvidently entered into; indeed, plaintiffs consented to the terms of both. Plaintiffs cite no extraordinary circumstances. Finally, plaintiffs have not shown a compelling need for the protected materials. Class counsel's claim that he needs to disclose protected materials to class members is predicated on the assumption that the class members will be given an additional opt-out opportunity, which this Court has held they will not. The plaintiff's motion is accordingly denied without prejudice to a later application upon appropriate circumstances to modify or vacate any protective orders in effect in the *First* case.

PSI has consented to an order that class counsel shall give complete access to all discovery matter obtained by them as class counsel in prosecuting this action to Liaison Counsel in the Consolidated Action (MDL 1005) subject to Pretrial Order No. 2 entered in said MDL 1005.

So Ordered.