**John GEORGOPOLOUS and Paul Auriemma, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL–CIO, Defendant.**

95 Civ. 5145 (DNE).

United States District Court, S.D. New York.

Nov. 29, 1995.

Daniel E. Clifton, Lewis, Greenwald, Kennedy, Lewis, Clifton & Schwartz, P.C., New York City, for John Georgopoulos, Paul Auriemma.

Richard M. Seltzer, Cohen, Weiss and Simon, New York City, for International Brotherhood of Teamsters, AFL–CIO.

EDELSTEIN, District Judge:

WHEREAS pursuant to Federal Rule of Civil Procedure 6(b)(2) ("Rule 6(b)(2)"), defendant, International Brotherhood of Teamsters, AFL–CIO, moves this Court to extend defendant's time to file an answer to Plaintiffs' First Amended Complaint; and

WHEREAS defendant brings the instant motion pursuant to Rule 6(b)(2) because defendant failed to request an extension of time to file an answer until after defendant's time to answer had expired; and

WHEREAS under Rule 6(b)(2), a court may grant an extension of time "upon [a] motion made after the expiration of the specified period" if "the failure to act was the result of excusable neglect"; and

WHEREAS in order to establish excusable neglect, "[t]he moving party must show both good faith and a reasonable basis for not acting within the specified period[,]" *In re Del–Val Financial Corp. Sec. Lit.*, 154 F.R.D. 95, 96 (S.D.N.Y.1994) (citations omitted); *see also In re Prudential Sec. Inc.*, 158 F.R.D. 301, 303–04 (S.D.N.Y.1994) (" 'A finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and a reasonable basis for not complying with the specified period.' ") (quoting *Bruno v. Cook*,

1990 WL 605344 at *2, 1990 U.S.Dist. LEXIS 1497 at *5 (S.D.N.Y.1990)); and

■ WHEREAS in the instant case, defense counsel attributes his failure to file a timely answer to Plaintiffs' First Amended Complaint to defense counsel's reliance on a stipulation for an extension of time that was agreed to by the parties but that was never submitted to this Court; and

WHEREAS defense counsel contends that he relied on this stipulation in good faith; and

WHEREAS defense counsel further contends that his inadvertent reliance on an improper stipulation may be construed as excusable neglect because "[t]he Supreme Court pointed out that in the context of Rule 6(b) motions, 'the courts of appeals have generally recognized that "excusable neglect" may extend to inadvertent delays[,]'" (Defendant's Supplemental Memorandum in Support of Motion To Accept Late Filing of Answer at 2 (quoting *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 390–92, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993))); and

WHEREAS defense counsel asserts that plaintiffs have not been prejudiced by defendant's failure to file a timely answer, and defense counsel argues that this lack of prejudice militates in favor of granting the instant motion; and

WHEREAS plaintiffs have not opposed the instant motion; and

WHEREAS defense counsel has provided this Court with substantial legal authority that demonstrates that this Court may find that defense counsel's inadvertent delay provides a sufficient basis for granting defendant's Rule 6(b)(2) motion (Defendant's Supplemental Memorandum in Support of Motion To Accept Late Filing of Answer at 10–12 (citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486 (10th Cir.1995); *Allison v. Eco Tech/Ram–Q Indus.*, No. 92–1056, No. 92–1126, 1993 WL 177804 (4th Cir.1993) (unpublished decision, available at 1993 U.S.App. LEXIS 12493); *Hill v. Marshall*, 861 F.2d 720 (6th Cir.1988); *Traguth v. Zuck*, 710 F.2d 90 (2d Cir.1983); *Ruiz v. Cady*, 660 F.2d 337 (7th Cir.1981); *Saldanha v. Baid-*

*yaroy*, 91 Civ. 6413, 1994 WL 48795 (PKL) (S.D.N.Y. June 15, 1992) (available at 1992 U.S.Dist. LEXIS 8391); *Koch Supplies v. Charles Needham Indus.*, No. 86–1330–CV–W–6, 1990 WL 274485 (W.D.Mo.1991) (available at 1991 U.S.Dist. LEXIS 724); *Ungar v. New York State*, No. 88 CV 2822, 1989 WL 27481 (JMM) (E.D.N.Y.1989) (available at 1989 U.S.Dist. LEXIS 2832); *MBA/Creative Connections, Inc. v. Binder*, No. 84 Civ. 4469, 1986 WL 5382 (CSH) (S.D.N.Y.1986) (available at LEXIS Slip Opinion); *Rodgers v. Roulette Records, Inc.*, No. 84 Civ. 8626, 1990 WL 17616 (SWK) (S.D.N.Y.1985) (available at LEXIS Slip Opinion); *Torres v. Torres*, 603 F.Supp. 440 (E.D.N.Y.1985); *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553 (M.D.Pa.1984); *Figueroa v. Heckler*, No. 83 Civ. 7627, 1985 WL 71785 (CSH) (S.D.N.Y. 1984); *Montrose v. Heckler*, 579 F.Supp. 240 (D.Me.1984); (*Sassower v. Grzymalski*, 78 Civ. 4989 (LWP)) (S.D.N.Y.1979) (available at LEXIS Slip Opinion); *United States v. 38.80 Acres of Land, Etc.*, 441 F.Supp. 890 (E.D.Okla.1977); *Anderson v. Stanco Sports Library, Inc.*, 52 F.R.D. 108 (D.S.C.1971); *Hoffman v. Kennedy*, 30 F.R.D. 50, 52 (E.D.Pa.1962))); and

WHEREAS this Court strongly disfavors Rule 6(b)(2) motions that assert that counsel's mere inadvertence constitutes excusable neglect, *Allstate v. Administratia Asigurarilor De Stat, et al.*, 163 F.R.D. 196 (S.D.N.Y. 1995); and

WHEREAS despite the fact that defense counsel has made a perilous error that was merely caused by defense counsel's inadvertence, the interests of justice must temper this Court's dim view of the instant motion; and

WHEREAS although mere inadvertence normally is insufficient to establish excusable neglect, in the instant case, several factors militate in favor of granting the instant motion: (1) defense counsel acted quickly to cure the error in the instant case; (2) this Court finds that defense counsel acted in good faith; and (3) plaintiffs have suffered no prejudice and do not object to the instant motion; and

WHEREAS this Court finds that defendant's Rule 6(b)(2) motion should be granted; and

WHEREAS defense counsel should not view this Court's ruling on the instant motion as a license to disregard the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, or this Court's Individual Rules;

IT IS HEREBY ORDERED that defendant's Rule 6(b)(2) motion is granted.

IT IS FURTHER ORDERED that defendant file an answer to Plaintiff's First Amended Complaint on or before December 13, 1995.

SO ORDERED.