Vincent TREROTOLA, Plaintiff,

v.

LOCAL 72 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS and Local 858 of the International Brotherhood of Teamsters, Defendants.

96 Civ. 0555(DNE).

United States District Court,
S.D. New York.

April 2, 1996.

Susan Davis, Cohen, Weiss, and Simon, New York City, for defendants.

## ORDER

EDELSTEIN, District Judge:

WHEREAS defendants Local 72 and Local 858 of the International Brotherhood of Teamsters ("defendants") move this Court to extend defendants' time to respond to plaintiff Vincent Trerotola's ("plaintiff") motion for summary judgement, pursuant to this Court's Individual Rule 2(b) ("Rule 2(b)"), or in the alternative, to accept a late response to plaintiff's motion for summary judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 6(b)(2); and

WHEREAS plaintiff filed the underlying motion for summary judgment on March 4, 1996; and

WHEREAS this motion for summary judgment was returnable on March 22, 1996; and

WHEREAS defendants' response to this motion was due prior to March 22, 1996; and

WHEREAS on March 15, 1996, the parties filed a stipulation for an extension of defendants' time to respond to plaintiff's motion for summary judgment; and

WHEREAS on March 19, 1996, this Court denied with prejudice the parties' stipulation for an extension of time because the stipulation violated this Court's Individual Rule 2(a), Memorandum Endorsement, *Trerotola v. Local 72 of the Int'l Bhd. of Teamsters*, 96 Cv. 0555 (Mar. 19, 1996); and

WHEREAS on March 22, 1996, defendants filed their response to plaintiff's motion for summary judgment; and

WHEREAS on March 22, 1996, defendants also filed a motion for partial summary judgment with supporting documents and memorandum of law; and

■ WHEREAS defendants bring the instant motion pursuant to rule 2(b) or, in the alternative, pursuant to Rule 6(b)(2), because defendants' response to plaintiff's underlying motion for summary judgment was not timely filed; and

WHEREAS under Rule 2(b), "[a]ll applications are due two days before the deadline for which the extension is sought," and

WHEREAS defendants filed the instant motion on March 22, 1996, the day of the deadline for which the extension was sought; and

WHEREAS defendants' Rule 2(b) motion is untimely; and

WHEREAS defendants' Rule 2(b) motion should be denied; and

■ WHEREAS under Rule 6(b)(2), a court may grant an extension of time "upon [a] motion made after the expiration of the specified period" if "the failure to act was the result of excusable neglect"; and

■ WHEREAS in order to establish excusable neglect, "[t]he moving party must show both good faith and a reasonable basis for not acting within the specified period[,]" *In re Del–Val Fin. Corp. Sec. Lit.*, 154 F.R.D. 95, 96 (S.D.N.Y.1994) (citations omitted); *see also In re Prudential Sec. Inc.*, 158 F.R.D. 301, 303–04 (S.D.N.Y.1994) (" 'A finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and a reasonable basis for not complying with the specified period.' ") (quoting *Bruno v. Cook*, 1990 WL 605344, *2, 1990 U.S.Dist. LEXIS 1497, at *5 (S.D.N.Y.1990)); and

WHEREAS in the instant case, defense counsel explains that because of defense counsel's busy schedule, he contacted plaintiff's counsel seeking an extension of time to respond to plaintiff's motion for summary judgment, and plaintiff's counsel agreed to extend defense counsel's time to respond, and to defense counsel's drafting the aforementioned stipulation for an extension of time, (Affirmation in Support of Motion at 1–2, *Trerotola v. Local 72 of the Int'l Bhd. of Teamsters*, 96 Cv. 0555 (Mar. 21, 1996)); and

WHEREAS in a Memorandum Endorsement dated March 19, 1996, this Court denied with prejudice this stipulation because it violated this Court's Individual Rule 2(b), Memorandum Endorsement, *Trerotola v. Local 72 of the Int'l Bhd. of Teamsters*, 96 Cv. 0555 (Mar. 19, 1996); and

WHEREAS defense counsel attributes his failure to comply with this Court's Individual Rule 2(a) when drafting this stipulation to "an inadvertent misreading and misinterpretation of this Court's Individual Rule 2(a)," (Affirmation in Support of Motion at 3, *Trerotola v. Local 72 of the Int'l Bhd. of Teamsters*, 96 Cv. 0555 (Mar. 21, 1996)); and

WHEREAS defense counsel has submitted a memorandum in support of the instant Rule 6(b)(2) motion in which he states that "[a]lthough the Supreme Court confirmed that the majority of decisions have held that 'inadvertence, ignorance of the rules, or mistakes construing the rules' do not usually constitute 'excusable neglect,' the Court explained, 'it is clear that 'excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions cause by circumstances beyond control of the movant,' " (Defendant's Memorandum in

Support of its Motion Pursuant to Rule 2(b) of the Court's Individual Rules or, in the Alternative, Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure To Accept A Late Filing ("Defendants' Memo") 3 (quoting *Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380, 381–82, 113 S.Ct. 1489, 1491, 123 L.Ed.2d 74 (1993))); and

WHEREAS defense counsel contends that "[t]he Supreme Court pointed out that in the context of Rule 6(b) motions, 'the courts of appeals have generally recognized that "excusable neglect" may extend to inadvertent delays[,]'" *id.* at 2–3; and

WHEREAS defense counsel argues that inadvertent delay provides a sufficient basis for granting defendant's Rule 6(b)(2) motion, and provides this Court with substantial legal authority in support of this argument, *id.* at 7–9 (citing *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486 (10th Cir.1995); *Allison v. Eco Tech/Ram–Q Indus.,* No. 92–1056, No. 92–1126, 1993 WL 177804, 1993 U.S.App. LEXIS 12493 (4th Cir. May 26, 1993); *Hill v. Marshall,* 861 F.2d 720, *available in* 1988 U.S.App. LEXIS 14742 (6th Cir. Nov. 4, 1988); *Traguth v. Zuck,* 710 F.2d 90 (2d Cir.1983); *Ruiz v. Cady,* 660 F.2d 337 (7th Cir.1981); *Saldanha v. Baidyaroy,* 91 Civ. 6413, 1992 WL 147669, 1992 U.S.Dist. LEXIS 8391 (S.D.N.Y. June 15, 1992); *Koch Supplies v. Charles Needham Indus.,* NO. 86–1330–CV–W–6, 1990 WL 274485, 1991 U.S.Dist. LEXIS 724 (W.D.Mo.1991); *Ungar v. New York State,* No. 88 CV 2822, 1989 WL 27481, 1989 U.S.Dist. LEXIS 2832 (E.D.N.Y. Mar. 3, 1989); *MBA/Creative Connections, Inc. v. Binder,* No. 84 Civ. 4469, 1986 WL 5382, 1986 WL 5382 (S.D.N.Y.1986); *Rodgers v. Roulette Records, Inc.,* No. 84 Civ. 8626, 1985 WL 2347, LEXIS Slip Opinion (S.D.N.Y.1985); *Torres v. Torres,* 603 F.Supp. 440 (E.D.N.Y.1985); *Kleckner v. Glover Trucking Corp.,* 103 F.R.D. 553 (M.D.Pa.1984); *Figueroa v. Heckler,* No. 83 Civ. 7627, 1984 WL 62785 (S.D.N.Y.1984); *Montrose v. Heckler,* 579 F.Supp. 240 (D.Me. 1984); *Sassower v. Grzymalski,* 78 Civ. 4989, LEXIS Slip Opinion (S.D.N.Y.1979); *United States v. 38.80 Acres of Land,* 441 F.Supp. 890 (E.D.Okla.1977); *Anderson v. Stanco Sports Library, Inc.,* 52 F.R.D. 108 (D.S.C.

1971); *Hoffman v. Kennedy,* 30 F.R.D. 50, 52 (E.D.Pa.1962)); and

WHEREAS defense counsel also argues that this Court should grant the instant Rule 6(b)(2) motion because defense counsel has acted in good faith, because there was no delay resulting from defense counsel's actions, and because plaintiff has not been prejudiced by defendants' failure to file a timely response, *id.* at 4–6; and

WHEREAS plaintiff opposes defendants' motion to file an untimely response, (Affirmation in Opposition to Defendants' Motion to File Papers Out of Time, *Trerotola v. Local 72 of the International Bhd. of Teamsters,* 96 Cv. 0555 (April 1, 1996)); and

WHEREAS this Court notes that in other litigation involving the International Brotherhood of Teamsters, defense counsel repeatedly has failed to comply with filing deadlines, and repeatedly has demonstrated an inability to interpret and apply this Court's Individual Rule 2(a) regarding extensions of time, *see Georgopolous v. International Bhd. of Teamsters,* 95 Civ. 5145; and

WHEREAS defense counsel filed a Rule 6(b)(2) motion in *Georgopolous* because defense counsel failed properly to request an extension of time to file an answer to plaintiff Georgopolous's amended complaint and, subsequently, failed to file a timely answer to plaintiff's amended complaint (Defendant's Supplemental Memorandum in Support of Motion To Accept Late Filing of Answer ("Georgopolous Memo") at 8–9, *Georgopolous v. International Bhd. of Teamsters,* 95 Civ. 5145 (Sept. 5, 1995)); and

WHEREAS defense counsel in *Georgopolous* attributed these failures to inadvertent delay caused by defense counsel's misunderstanding of this Court's Individual Rule 2(a) regarding extensions of time, *id.;* and

WHEREAS in an Order dated November 29, 1995 ("November 1995 Order"), this Court stated that "this Court strongly disfavors Rule 6(b)(2) motions that assert that counsel's mere inadvertence constitutes excusable neglect," Order, *Georgopolous v. International Bhd. of Teamsters,* 164 F.R.D. 22, 23 (S.D.N.Y.1995) (citing *Allstate v. Ad-*

*ministratia Asigurarilor De Stat, et al.,* 163 F.R.D. 196 (S.D.N.Y.1995)); and

WHEREAS this Court's November 1995 Order found that although "defense counsel ha[d] made a perilous error that was merely caused by defense counsel's inadvertence, the interests of justice," defense counsel's ability to cure this error quickly, defense counsel's good faith, and the lack of prejudice that plaintiff suffered as a result of defense counsel's error militated in favor of granting defense counsel's Rule 6(b)(2) motion, *id.;* and

WHEREAS this Court's November 1995 Order cautioned, however, that "defense counsel should not view this Court's ruling on the [Rule 6(b)(2) motion] as a license to disregard the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, or this Court's Individual Rules," *id.;* and

WHEREAS despite this Court's admonition in *Georgopolous,* defense counsel has made a "perilous error" in the instant case as a result of "an inadvertent misreading and misinterpretation" of the same rule that defense counsel misread and misapplied in *Georgopolous*—this Court's Individual Rule 2(a); and

WHEREAS as a result of repeating this error, defense counsel currently faces the possibility of default, as counsel faced in *Georgopolous;* and

WHEREAS defense counsel has not only made the same error and proffered the same excuse as defense counsel did in Georgopolous, but defense counsel's memorandum of law in support of the instant Rule 6(b)(2) motion is largely copied from the memorandum of law that defense counsel submitted in support of Georgopolous's Rule 6(b)(2) motion, *compare* Defendants' Memo at 2–4 *with* Georgopolous Memo at 2–4 (containing the exact same discussion of the legal standard for granting a Rule 6(b)(2) motion); Defendants' Memo at 6–7 *with* Georgopolous Memo at 8–9 (containing the exact same arguments regarding counsel's good faith and lack of willful noncompliance); Defendants' Memo at 7–14 *with* Georgopolous Memo at 9–17 (repeating the exact same discussion of case law that supports counsel's

Rule 6(b)(2) motions); Defendants' Memo at 14–16 *with* Georgopolous Memo at 17–19 (providing the exact same discussion of the relationship between Federal Rule of Procedure 55(c) and Rule 6(b)(2)); and

WHEREAS defense counsel cannot continue to flaunt the deadlines imposed by the Federal Rules, Local Rules, and this Court's Individual Rules and then seek this Court's indulgence by proffering the excuse of "inadvertence" and by submitting essentially the same memorandum of law; and

WHEREAS the Supreme Court has noted that "the majority of decisions have held that 'inadvertence, ignorance of the rules, or mistakes construing the rules' do not usually constitute 'excusable' neglect," *Pioneer,* 507 U.S. at 391–92, 113 S.Ct. at 1491; and

WHEREAS the decision to grant a Rule 6(b)(2) motion rests with the district court, *see* Fed.R.Civ.P. 6(b)(2) (a "court for cause shown may at any time in its discretion" order an extension of time); and

WHEREAS this Court reiterates that it "strongly disfavors Rule 6(b)(2) motions that assert that counsel's mere inadvertence constitutes excusable neglect," Order, *Georgopolous* (1996); *Allstate,* 163 F.R.D. at 196; and

WHEREAS this Court finds that the instant Rule 6(b)(2) motion should be denied; and

WHEREAS this Court further finds that defendants will not be prejudiced by a denial of the instant Rule 6(b)(2) motion because defendants have filed a cross-motion for summary judgement which contains all of the exhibits that defendants sought to submit with their papers in opposition to plaintiff's motion for summary judgment; and

WHEREAS this Court finds that counsel's inability to understand the plain language of this Court's Individual Rules not only is careless, but also fails to constitute the "reasonable basis for not acting within the specified period[,]" *Del–Val Fin. Corp.,* 154 F.R.D. at 96, which is required to establish excusable neglect; and

WHEREAS this Court is deeply disturbed by defense counsel's continuous disregard for

**658**

the requirements imposed by the Federal Rules of Civil Procedure, the Local Rules, and, particularly, this Court's Individual Rules; and

WHEREAS this Court also finds that defense counsel's reliance on the same excuses and memorandum of law to support the instant Rule 6(b)(2) motion that defense counsel used to support the Rule 6(b)(2) motion in *Georgopolous* is disingenuous; and

WHEREAS this Court finds that such disingenuity borders on bad faith; and

WHEREAS defense counsel is warned that future behavior of this kind is an invitation to sanctions; and

WHEREAS defense counsel once again is advised to review the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules;

IT IS HEREBY ORDERED THAT defendants' Rule 2(b) motion is DENIED.

IT IS FURTHER ORDERED THAT defendants' 6(b)(2) motion is DENIED.

SO ORDERED.